### St. Louis Southwestern Railway Company of Texas v. Rafe Brown.

Decided June 14, 1902.

**1.—Ordinary Care Defined—Charge.**

An instruction that "ordinary care and caution as used in this charge is that degree of care and caution that a person of ordinary prudence is accustomed to use under like or similar circumstances," is sustained, though it does not use the exact language of the books.

**2.—Same.**

Where the court charged that if plaintiff failed to use such care and caution as a prudent and cautious person would have used under the same circumstances, he could not recover, failure to use the word "ordinarily" before the word "prudent" was an error against the plaintiff, of which the defendant company could not complain.

**3.—Same.**

Objection that the court used the language "reasonably prudent person," instead of "ordinarily prudent person," is hypercritical, as the expressions may be used interchangeably.

**4.—Same—Warning—Issue Not Raised.**

Evidence held to so clearly show want of ordinary care on the part of a conductor in his attempt at giving warning to defendant, who was in a boxcar, of the approach of the train, as to warrant the court in refusing to charge that if the conductor attempted to warn those in the car as the train approached, and that such act on his part amounted to the exercise of ordinary care for the safety of those in the car, the verdict should be for the defendant.

**5.—Allegation and Proof—Personal Injury.**

Where the petition in an action for personal injury charged that plaintiff's hip was dislocated, plaintiff was not precluded from recovering for injuries to his hip, including a bruise, strain, or contusion, on the ground that the evidence did not show a dislocation.

**6.—Res Gestae—Personal Injury.**

A declaration by the plaintiff a short time after the accident and before suit was brought that he could not work, made as a reason for quitting the service, and at a time when he was shown to be crippled, amounted to no more

than a statement of the present effect of his infirmities at that time, and was admissible in evidence as being in the nature of res gestae.

**7.—Expert Evidence—Personal Injury.**

In an action for personal injuries a nonexpert witness could testify that plaintiff limped, appeared to be crippled, and was unable to work, such statement being based on the fact that plaintiff walked crippled, slowly, and with a stick; and the witness could further state that plaintiff's condition had not improved since he was hurt.

Appeal from the District Court of Angelina County. Tried below before Hon. Tom C. Davis.

*E. B. Perkins* and *Marsh, McIlwaine & Fitzgerald,* for appellant.

*E. J. Mantooth, Dixon F. Abney,* and *M. M. Feagin,* for appellee.

GILL, ASSOCIATE JUSTICE.—Rafe Brown brought this suit against appellant to recover damages for personal injuries alleged to have been sustained by him through the negligence of appellant. A jury trial resulted in a verdict and judgment for plaintiff for $750, from which the railway company has appealed.

The facts briefly stated are as follows: The plaintiff was in the employ of W. A. Abney as drayman, and he and others were engaged on the occasion of the accident in unloading a car of merchandise which had been placed on one of the side tracks of appellant in the town of Lufkin to be unloaded. Plaintiff and three others were in the car, and the team which drew the vehicle on which the merchandise was to be loaded was hitched to the side of the car. The vehicle had been placed close to the door in the side of the car, and the plaintiff had gone to the door of the car for the purpose of putting a sack of oats on the wagon when defendant's train was backed on the side track, striking violently against the car. As a result of the collision the car was suddenly moved forty or fifty feet, one of the inmates of the car was thrown from his feet to the floor, another fell to the ground from one of the doors of the car, and plaintiff was thrown to the wagon and thence to the ground, sustaining injuries the extent of which was the main question in the case. The team broke loose from the car and ran some distance before it was stopped. The car was being unloaded with the knowledge and consent of the agents of the railway company, and no question is made as to the right of the plaintiff to be in the car at the time of the accident.

The defendant pleaded as a special defense that plaintiff was guilty of contributory negligence in failing to look out for and see the approaching train, which had been switching back and forth on the main track some time before the accident.

Under the first assignment defendant complains of the court's definition of ordinary care, which is as follows: "Ordinary care and caution as used in this charge is that degree of care and caution that a person of ordinary prudence is accustomed to use under like or similar

circumstances." Courts are not required to use the exact language of the books in defining such terms to a jury, though it would be wiser and safer to follow established definitions. We think, however, there can be no valid objection to the definition given by the court. There can be no practical difference between what a person of ordinary prudence would ordinarily do or usually do and what such person is accustomed to do under similar circumstances. An accurate definition was also given at the request of defendant.

Under the second assignment the portion of the charge is assailed wherein the jury are instructed that if plaintiff failed to use such care and caution as a *prudent and cautious person* would have used under the circumstances he can not recover. The complaint is that the court erred in failing to use the word "ordinarily" before the words "prudent and cautious." The error is clearly against the plaintiff, and is one of which appellant can not be heard to complain.

In another portion of the charge addressed to the same issue the court uses the language "reasonably prudent person" instead of "ordinarily prudent person," and this is also objected to. We think the objection hypercritical. The words have not infrequently been used interchangeably and the use of the expression "reasonably prudent person" has been approved. Railway v. Watkins, 29 S. W. Rep., 232.

The cases of Railway v. Rice, 29 Southwestern Reporter, 525; Railway v. Finley, 79 Texas, 87, and City of Austin v. Ritz, 72 Texas, 402, are not in conflict with our conclusion on this question.

By the eighth assignment appellant assails as error the refusal of a requested charge to the effect that if the conductor in charge of appellant's train cried out a warning to those in the car as the train approached the car, and that such act on his part amounted to the exercise of ordinary care for the safety of those in the car, then to find for defendant. We are of opinion the evidence is insufficient to present such an issue. It is true the conductor testified he cried out to those in the car as the train was approaching. So did some of the bystanders, but it is undisputed that the warning was not heard, as must have been apparent at the time. The car was a box car with doors in each side. The train necessarily approached it from the end. The parties in the car were busily engaged in weighing the oats on a pair of scales in the car, setting down the weight of each sack, and loading it on the wagon. To see the approach of the train it was necessary to walk to one of the side doors and look out along the side of the car. Those in the car knew they were there with the knowledge and consent of the company's agents and that the train crew knew of their presence in the car. The situation was apparent to the conductor and he must have seen that his warning, if indeed he gave any, was not acted on, for the parties remained in the car and the team remained hitched. The danger from the approaching train was plainly imminent and apparent to those who saw its approach, for bystanders cried out in warning. In this view the alleged warning of the conductor, with no effort on his part to stop

or check the train, with no effort to learn and know that his warning was heard and heeded, is not, standing alone, sufficient to present the issue of due care on his part. It is true that what amounts to care is ordinarily a question for the jury, but there are some cases in which ordinary minds can reach but one conclusion, and this is true of this phase of the present case.

Appellant complains of the refusal of the following requested charge:

"There being no evidence tending to show that plaintiff's hip was dislocated, you are charged that in the event you find for plaintiff you can allow him nothing for any injury to his hip even if you think he suffered injuries to his hip."

Appellant contends, under this assignment, that as plaintiff charged in his petition that his hip was dislocated he must prove it and can not recover for a lesser injury to that part of his body. There was evidence tending to show that plaintiff's hip was bruised and wrenched, causing pain and lameness, but none that it was dislocated. He alleged a dislocation and no more.

The rule is that if the plaintiff undertakes to particularize as to what part of his body is injured he can not recover for injury to a member or part not included in his allegation. Thus if he alleges an injury to his hip he can not recover for an injured foot or arm. But no court, so far as we know, has held the plaintiff to a correct diagnosis of the injury to the specified member. We think the allegation of dislocation includes a bruise or strain or contusion, and the court did not err in refusing the requested charge.

By the tenth assignment appellant predicates error on the refusal of the trial court to strike out the portion of the testimony of the witness W. A. Abney to the effect that appellee told him he (appellee) could not work any more.

The proof seems undisputed that after an effort to drive the wagon for a few days after the accident appellee ceased to try to work and has done no work since. His master induced him to drive for two or three days, but he quit work, assigning as a reason that he could not. The objection urged against it was that it was hearsay and self-serving. The declaration was made a little while after the accident, and this and another witness testified that he limped and appeared to be crippled. The declaration was made before the suit was brought and in direct connection with his ceasing his usual work. It was a reason given at the time for quitting. Another witness stated that he saw him try to work, and he could tell from his motions and efforts that he was unable to do his accustomed tasks. The declaration amounted to no more than a statement of the present effect of his infirmities at that time. In this view it was in the nature of res gestae, and we think the court committed no error in admitting it.

This same witness testified over objection, in this connection, that appellee limped, appeared to be crippled, and was unable to work, and

said he based his statement on the fact that he walked crippled, worked slowly, walked with a stick, etc.

These were facts which he might or might not know, and which any witness expert or otherwise might detail to the jury. Pringle v. Railway, 21 N. W. Rep., 108.

The witness Dixon Abney testified to about the same effect, and in addition was permitted to state that his condition had not improved since the hurt. This is objected to as the opinion of a nonexpert on a matter about which only an expert could properly testify. The witness' testimony, taken as a whole, indicates that he did not claim to know the appellee's exact condition and was simply undertaking to state his appearance. It is in effect a statement that appellee appears to be worse or not to have gotten any better since the accident.

The appearance of appellee had already been detailed and the witness was properly permitted to say it had not improved, but had grown worse. We think the objection untenable. Railway v. Spilker, 33 N. E. Rep., 280.

We have found no harmful error in the record and the evidence amply supports the verdict. We are of opinion the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.