WELLS, FARGO & COMPANY EXPRESS v. P. A. BOYLE ET AL.

Decided May 6, 1905.

**1.—Personal Injury—Pleading and Proof.**

In an action for personal injuries evidence is not admissible to show injuries other than those expressly alleged unless they are the natural and necessary result of those so pleaded.

**2.—Same—Application of Rule.**

An allegation of injury to the head, spine and nerves will not warrant the admission of evidence showing injury to the eyes and sight.

**3.—Same—Expert Evidence of Injury—Conclusion.**

A nonexpert witness who had lived near plaintiff and known him a long time was not thereby qualified to give an opinion as to plaintiff's ability to work after the injury, and the witness's statement that plaintiff had not been able to do much was inadmissible as being a conclusion.

**4.—Same—Expressions of Pain—Self-Serving.**

Evidence that plaintiff, while working with a thresher, was complaining all the time and finally had to quit work, should have been excluded as self-serving, it not being shown what plaintiff complained of, or that the complaints were the expression of present pain then existing as the result of the injuries alleged.

Appeal from the District Court of Hunt. Tried below before Hon. T. D. Montrose.

*Alexander & Thompson,* for appellant.—1. The court erred in admitting testimony from plaintiff and his witnesses, Drs. Morrow and Spaulding, to the effect that plaintiff's eyes and eyesight were affected, because there was no allegation in the petition that his eyes or eyesight were affected. Railway Co. v. Smith, 84 Texas, 351; Mims v. Mitchell, 1 Texas, 446; Wheeler v. Wheeler, 65 Texas, 576; Railway Co. v. Martin, 11 Texas Ct. Rep., 493.

2. The error of the court was manifestly prejudicial to defendant, in permitting the witness, as a nonexpert, to testify to his conclusion that plaintiff was not able to work much. Railway Co. v. Sciacca, 80 Texas, 354; Harris v. Nations, 79 Texas, 413; Railway Co. v. Scott, 20 S. W. Rep., 725.

*Evans & Elder* and *A. H. McKnight,* for appellees.—1. The allegation in the petition as to the injury to the head, spine and nerves was sufficient to admit the testimony, and has been expressly so held in the following cases: Railway Co. v. Hawk, 5 Texas Ct. Rep., 680; Railway Co. v. Bell, 58 S. W. Rep., 150, and Railway Co. v. Pina, 8 Texas Ct. Rep., 972.

2. The court did not err in admitting Johnson's testimony. He had already testified that he had known plaintiff all his life; saw him about the time he came back from Dallas, and had seen him pretty nearly every day since then, as he lived right there in town all the time. He testified as to the difference in his appearance before going and after his return from Dallas, and then said: "Since he came back he has not been able to do much work. I have seen him work." This statement by the witness was not an opinion or conclusion of the witness, and if so, did not belong to that class of conclusions or opinions which are excluded. In the case of Railway Co. v. Reagan, 34 S. W. Rep., 796, the court held that the statements of Mrs. Melson that Mrs. Reagan was not well able to leave much sooner, and that she suffered much pain in head and back and the back in particular, were admissible. It was not objectionable as belonging to that class of conclusions or opinions which are excluded. See, also, Abbot's Trial Evidence (2d ed.), p. 753, sec. 6, div. 46.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellee, as plaintiff, in his first amended original petition, declared for damages in the sum of $20,000 against Wells, Fargo & Company Express and the Houston & Texas Central Railway Company, in District Court of Hunt County, Texas, alleging that while in the service of the Express Company, at Dallas, on 7th day of October, he sustained personal injuries while engaged in handling a truck upon which was loaded express packages; that parcels of said express matter fell from the truck and struck and injured him; that this was due to negligence of the defendant in permitting and causing the platform, over which the truck was handled, to have a hole or gully therein, and the truck furnished and used by plaintiff was defective and out of repair, in that the tongue

was out of repair.so that the truck could not be safely guided, and the wheels and axles of the truck were worn, which caused the wheels to wabble on the axles; that said injuries occurred on the platform of the Houston & Texas Central Railway Company, in the city of Dallas, which, under some arrangement between the railway company and the express company, the latter was permitted to use. Negligence was alleged with respect to light, or lack of light, on platform; but this issue was not submitted to the jury nor insisted upon by plaintiff.

The Houston & Texas Central Railway Company urged a plea of personal privilege to be sued in a county in which it had an agency, and the railway company was by verdict and judgment discharged hence on its plea of privilege.

The express company, besides a general denial, answered specially (1) that such injuries as plaintiff sustained were due to his own want of care; (2) that his injuries were result of assumed risk in course of his employment; (3) that his injuries were the result of negligence of fellow servants and plaintiff's concurring negligence.

A trial of the case resulted in a verdict in favor of the railway company, on its plea of privilege, and also resulted in a verdict in favor of plaintiff against the express company. From a judgment in favor of plaintiff defendant appealed.

1. Error is assigned to the action of the court in admitting in evidence, over defendant's exceptions, the testimony of plaintiff's witnesses, Drs. Morrow and Spaulding, that plaintiff had trouble with his eyes and eyesight. The objection to the testimony was, that there was no allegation in the pleading that plaintiff's eyes or eyesight were injured. After alleging the particular acts of negligence the petition further alleged that "by either or all of said causes the express matter was caused to topple and fall on plaintiff, striking him on the head, left shoulder, crushing him with considerable violence to the ground, and continued to fall on him after he fell to the ground, falling on his breast, hip and bowels, seriously and permanently injuring him in his head, shoulder, breast, lungs, stomach, back, spine, spinal column, kidneys and legs, injuring, bruising, lacerating the bones, muscles, ligaments, tendons, nerves and blood vessels of all of the said parts of his body."

Dr. Morrow testified that, "He has also complained considerably of his eyes. He complained of his eyes, that he could not see. At times the pupil of one eye would be much larger than the other. Sometimes dilated and sometimes contracted. There is an irregularity in the pupil, and he frequently complains of dizziness and of seeing something that looks like spots to him."

Dr. Spaulding testified as follows: "He has complained of disturbance of vision, and his eyes I have examined quite a number of times. I did not discover this other injury right at first, but had to hunt for it some time. There was quite a variation in them. Sometimes he could see very well, and at other times there was quite a disturbance in his vision, and occasionally the lids would be swollen and red. At other times there would be no swelling in the lids. There was a sensational disturbance as to pain. It was distributed all over the left

side specially. This led me to make an examination of the head. I found a depression on the right side of the head, a depression of the skull, I think it is about three-fourths of an inch in diameter. The depression is not very great. There is no depression in the same area on the other side. This depression is over the area of sight partially, and partly in the sense of pain and sensitiveness."

Are the injuries alleged in the pleading sufficient to admit evidence of an injury to the plaintiff's eyes and eyesight? The injuries to the eyes and eyesight, not having been expressly alleged, must be the natural and necessary result of those complained of in the pleading, to justify the admission of the evidence. Southern Pacific Co. v. Martin, 98 Texas, 322, 83 S. W. Rep., 675.

Appellee contends that the allegation in the petition of injury to the "head, spine and nerves" was sufficient to authorize the admission of evidence of injuries to the eyes and eyesight. We do not concur in this contention. We do not think the evidence shows that injuries to the eyes and eyesight are the necessary result of the injuries to the head, spine and nerves. The testimony was improperly admitted.

2. Upon the trial Eb Johnson, a witness for plaintiff, was asked by the plaintiff's counsel: "What has been his (plaintiff's) condition since he came back to Greenville from Dallas in October, 1902, with reference to his being able to work?" Defendant objected because the witness was not qualified to answer as an expert, and it involved the conclusion of the witness. The court overruled defendant's objection, and the witness answered, "Well, he has not been able to do much." Defendant objected to the ruling and took a bill of exception. The witness had not qualified as an expert. The fact that he had lived near plaintiff and had known him for a long time did not qualify him to give an opinion as to plaintiff's ability to work. The answer was a conclusion, and to render it admissible the witness must have qualified as an expert.

3. Ike Hartsel, a witness for plaintiff, was permitted to testify, over the objection of the defendant, that while working with a thresher plaintiff was complaining all the time; that he would very frequently come back when he was off for a little while, and complain to witness, who was running the engine, and that plaintiff finally had to quit work. This testimony was objected to by defendant on the ground that it was the selfserving declarations of plaintiff and therefore not admissible. The exception was overruled, the evidence admitted, and the ruling properly preserved by bill of exception. The evidence fails to show what appellant complained of, or that the complaints were the expression of present pain then existing as the result of injuries received in the accident complained of. Railway Co. v. Wheeler, 91 Texas, 356. The evidence was selfserving, and its admission was error.

The assignments not discussed have been considered and are not believed to present reversible error. For the errors pointed out the judgment of the court below as to appellee Boyle is reversed and the cause remanded. The judgment of the court below as to appellee Houston & Texas Central Railway Company, is affirmed.

> *Reversed and remanded as to Boyle; affirmed*
> *as to the railway company.*