## J. S. HICKEY v. B. M. COLLYNS.

### Decided November 15, 1905.

**Connecting Surveys—Trespasser—Title in State.**

A defendant in trespass to try title, who had entered upon inclosed premises of plaintiff claimed under title to surveys calling for each other and apparently connected, can not raise the question of a vacancy between such surveys, constituting State school land, by restricting such surveys to calls for other objects found upon the ground, in the absence of a showing that he had taken the necessary steps to purchase the title from the State.

Appeal from the District Court of Tom Green County. Tried below before Hon. J. W. Timmins.

*Duboise & Allen* and *Brightman & Upton,* for appellant.—A defendant in trespass to try title is not required to show title in himself in order to litigate with plaintiff, but may show an outstanding title. Hooper v. Hall, 35 Texas, 82; Kenney v. Vincent, 32 Texas, 126.

A defendant in trespass to try title may defeat plaintiff's suit by showing a title in the State or by showing that plaintiff has no title. Medlin v. Wilkens, 20 S. W. Rep., 1026.

*Hill & Lee,* for appellee.—Appellant's special answer showing no title or equity in him to the land described in his said answer, he could not interpose the existence of a supposed vacancy between two of appellee's surveys as an outstanding title in the state to public domain, until such vacancy had been determined in the manner provided by law. Acts 1900, 1st Called Session, p. 29; Acts 1901, p. 253; Juencke v. Terrell, 98 Texas, 237; Yarbrough v. DeMartin, 67 S. W., 178.

KEY, ASSOCIATE JUSTICE.—From a judgment against him in an action of trespass to try title, the defendant has appealed. In his petition the plaintiff sought to recover all the land embraced in what he described as his "Gap Pasture," situated in Tom Green County. He

alleged further that the pasture referred to embraced a number of surveys of land described by metes and bounds, and, according to the field notes, connecting with each other.

The defendant filed an answer embracing a general demurrer, plea of not guilty and a special plea admitting that he was in possession of a certain tract of land within the Gap Pasture, described in the plaintiff's petition, but alleging that it was no part of either of the surveys of land specifically described in the plaintiff's petition.

The court below sustained certain exceptions to the special answer referred to, and that ruling is made the subject of certain assignments of error. Other assignments complain of rulings refusing to permit the defendant to introduce testimony in support of his special plea. All the assignments merely present in different forms but one question. The special answer averred that the defendant was in possession of 380 3-5 acres of land inside of the plaintiff's pasture, but that said land was public domain, set apart for the benefit of the State school fund. It did not show that the defendant had taken the necessary steps to purchase the land from the State, or had acquired any right thereto.

Locating the several surveys claimed by the plaintiff according to their calls for each other, the land in controversy is embraced within those surveys, and is not public domain. The defendant contends that two of the surveys referred to are limited by certain calls for other objects found on the ground, which will prevent them from connecting, thereby leaving a vacancy of the number of acres claimed by him.

Following Yarbrough v. DeMartin, 67 S. W. Rep., 178 and Juencke v. Terrell, 98 Texas, 237, the court below held that as the plaintiff had title to and was in possession of the surveys described in his petition, and was in possession of all the land comprised in his pasture, which was enclosed by a fence, and as the surveys referred to called for each other and apparently connected, the defendant not showing any title or claim in himself to the land in controversy, was not entitled to have the question of a vacancy between any of the surveys litigated. The cases cited, one of which was decided by our Supreme Court, seem to sustain that ruling.

No error has been pointed out and the judgment is affirmed.

*Affirmed.*

Application for writ of error dismissed for want of jurisdiction.