ST. LOUIS & SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. L. J. SCHULER.

Decided May 8, 1907.

**1.—Issues of Fact—Verdict—Practice.**

In reaching its conclusions of fact an Appellate Court will view the evidence in the light most favorable to the verdict, and if there is any evidence to support the same it will not be set aside.

**2.—Master and Servant—Defective Tool—Negligence.**

In a suit by an employee for injuries received by a fall from a high trestle caused by using a defective pinch-bar, evidence considered, and held sufficient to support a finding of the jury that the master was guilty of negligence in furnishing the defective pinch-bar, and that the employee was not guilty of contributory negligence in using, nor did he assume the risk arising from the use of the same.

**3.—Same—Order of Master—Obedience by Servant.**

When the master gives a servant an order which it is his duty to obey, his act of obedience will not be regarded as negligence *per se*, unless the danger of obeying the order is so glaring that no prudent man would undertake it.

**4.—Charges—Repetition.**

It is not error to refuse to give special charges which are already given in substance in the main charge.

**5.—Master and Servant—Safe Tools—Duty of Inspection.**

It is not the duty of the servant to inspect the tools furnished him by the master, nor does he assume the risk arising from the use of the same unless he knew that the tool was defective, or the defect was of such a nature as to charge him with such knowledge as matter of law, and also with the danger incident to its use.

**6.—Res Gestae.**

Statements made at the time of the accident by parties present as to the defective condition of the tool used by the injured party, were *res gestae* and admissible in evidence.

**7.—Pain—Evidence of.**

Testimony of a witness that the injured party suffered more or less pain all the time is admissible when the facts upon which the opinion is based, are given.

Appeal from the District Court of Smith County. Tried below before the Hon. R. W. Simpson.

*E. B. Perkins* and *Marsh & McIlwaine,* for appellant.—Where a servant has actual knowledge that an implement furnished to him by the master is defective, or where his opportunities of knowing of

its condition are such as to show that he by the exercise of ordinary care and caution for his own safety must necessarily have known that it was defective, he will be held to have assumed the risk of using the implement in its defective condition.    Drake v. San Antonio & A. P. Ry., 99 Texas, 240; Gulf, W. T. & P. Ry. v. Smith, 37 Texas Civ. App., 188; Houston & T. C. Ry. v. Scott, 62 S. W. Rep., 1077; Ft. Worth & R. G. Ry. v. Robinson, 37 Texas Civ. App., 465.

The court erred in refusing to charge the jury as requested by defendant in its special charge No. 6 as follows: "A railroad company is not liable to its employes for injuries resulting from obvious or patent defects in simple tools or appliances with which they are furnished to discharge their duties, that is, defects which are as open to the observation of the employes as to the company; and in such case the employe assumes the risks incident to the use of said defective tools or appliances."    Same authorities as above, also Gulf C. & S. F. Ry. Co. v. Larkin, 98 Texas, 225.

The court erred in refusing to charge the jury as requested by defendant in its special charge No. 7 as follows: "Although you may believe from the evidence that the foreman of defendant instructed plaintiff to use the pinch-bar in question, and although you may believe from the evidence that the bar in question was defective, yet if you believe from the evidence that the defect, if any, in said bar was as obvious and patent to plaintiff as to defendant, or that plaintiff knew of such defect, if any, in said bar, or could by the use of ordinary care on his part have known of such defect, if any, then plaintiff assumed the risk incident to the use of said bar, and you will return a verdict for defendant."

The court erred in refusing to charge the jury as requested by defendant in its special charge No. 10, as follows: "You are, at the instance of the defendant, charged that a master is not required to give to a simple tool which he furnishes to his servant the same careful inspection which is required of him in relation to more complicated and dangerous machinery and appliances; and if you believe from the evidence in this case that the pinch-bar was a simple appliance or tool, and that it was defective, and that plaintiff did not know of such defect, and that he could by the exercise of ordinary care and diligence in the performance of his work have known of such defect, then it will be your duty to return a verdict for defendant in this case."

The court erred in that part of its main charge wherein it charged the jury as follows: "Plaintiff also assumed the risk usually incident to the service or work in which he was engaged, but he did not assume the risk arising from the negligence, if any, of defendant."

The court erred in that part of its main charge wherein it charged the jury as follows: "If you find for the plaintiff you may take into consideration the nature, character and extent of the injuries, if any, plaintiff received upon the occasion in question; any physical pain and mental suffering which you may find from the evidence directly and proximately resulted to plaintiff therefrom; any impairment of the capacity of plaintiff to labor and earn money which

you may find from the evidence was the direct and proximate result of such injury, and therefrom you will ascertain how much cash money will be a fair and reasonable compensation for such injuries, if any, and you will make such sum the amount of your verdict." Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; St. Louis S. W. Ry. Co. v. Smith, 63 S. W. Rep., 1067.

Declarations made by a person, who has no connection with a transaction, though contemporaneous with the transaction, are hearsay and are not admissible as *res gestae.* Wilkins v. Ferrell, 10 Texas Civ. App., 231; Dwyer v. Ins. Company, 63 Texas, 354; Missouri Pac. Ry. v. Ivy, 71 Texas, 409; Eddy v. Lowry, 24 S. W. Rep., 1076.

The court erred in refusing to strike out and exclude from the consideration of the jury that part of the testimony of plaintiff's witness Mrs. B. R. Schuler, in which she testified that plaintiff "suffers pain more or less all the time. He could not sleep at night;" and "he could not rest lying down and could not sit long at a time," as shown in defendant's bill of exception No. 3. St. Louis S. W. Ry. v. Dempsey, 13 Texas Ct. Rep., 961.

*Johnson & Edwards,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee against appellant to recover damages for personal injuries alleged to have been caused by the latter's negligence. The negligence charged, was that defendant furnished plaintiff, while in its employ, with a defective pinch-bar with which to do his work on a bridge from which he fell, in consequence of the defective implement, and was injured. The defendant answered by a general denial, pleas of assumed risk and contributory negligence. The trial of the case resulted in a verdict and judgment in favor of the plaintiff for $5,000.

*Conclusions of Fact.*—The evidence shows that on March 18, 1904, plaintiff, while at work for defendant on a bridge which was being constructed for it, fell from one of its capsills about eighteen feet to the ground and was seriously and permanently injured. At the time of the accident the rails had been laid on the bridge, and the bridge-gang was spacing the ties and lining the rails. In doing this work, some of the men were prizing or "nipping" up the rails with pinch-bars, and some, among whom was the plaintiff, were spacing the ties and placing them in proper position. While plaintiff was at this work, which he did with a maul, and was about fifteen feet from where the other men were "nipping" up the rails with pinch-bars, William Stubbs, the foreman of the gang, called him saying, "come here, and give these men a hand." In obedience to this order, plaintiff went to the foreman, who handed him a pinch-bar saying, "help these men," referring to the men engaged in "nipping" up the rails. The plaintiff at once took the bar from his foreman, stood on a capsill, hurriedly placed its end over a tie and under a rail and prized down, when the bar slipped from under the rail and, in consequence, he lost his balance and fell about 18

feet to the ground and was injured. A part of the point of the bar of that end which he shoved beneath the rail was broken off, which caused it to slip from under the rail when the plaintiff prized upon it, and in consequence he lost his equilibrium and fell from the bridge. The plaintiff did not know that the bar was broken, and would not, under the circumstances, necessarily discover such defect, before thrusting its broken end under the rail, by the exercise of ordinary care. When the danger the defendant subjected plaintiff to by handing him the broken bar for immediate use upon top of a high bridge is considered, the jury was, under all the facts and surrounding circumstances, warranted in finding that such act of the defendant was negligence, and that such negligence was the proximate cause of plaintiff's fall and injuries, and that he was guilty of no negligence proximately contributing thereto, and did not assume the risk of using the bar, not knowing of its defective condition or the danger incident to its use.

*Conclusions of Law.*—1. The above conclusions of fact dispose of the first assignment of error, which complains of the court's overruling defendant's motion for a new trial upon the ground, "that the verdict is against the great weight and preponderance of the testimony, and without sufficient evidence to support the same, in that the evidence shows that at the time plaintiff was injured he was an experienced bridgeman, having pursued that avocation for several years prior to that time, and knew at the time he attempted to use the same, or by the exercise of ordinary care in the performance of his work ought necessarily to have known the same was broken, the defect being patent and open to observation, he assumed the risk of using it in such condition."

In reaching our conclusions of fact we have been governed by the principles that the evidence should be viewed in the light most favorable to the verdict; that it was for the jury to weigh and determine the preponderance of the evidence, and for us only to determine whether there was any evidence that the jury could place and weigh in the scales given it by the law, and, when such evidence was found, to accept its weight as registered by the verdict. It is true that a lever is the simplest of all mechanical powers, and a defect, such as was in the one used by the plaintiff, would, ordinarily, be discovered at once by him to whom given for use. But the readiness of discovering the defect in such an implement makes the negligence of the matter more apparent in furnishing it to a servant for use at a time and place where serious injury would probably befall him in consequence of the defect than it would be in furnishing him a less simple implement. For the master to place a servant at work where his use of a broken tool will probably cause him serious bodily injury, and then give him such a defective instrument and order him to use it at once in his work, may well be considered by a jury as negligence in fact. Aside from the duty of the master to exercise ordinary care to furnish his servant reasonably safe tools with which to do his work, and the right of the servant to assume in the absence of knowledge to the contrary

that the duty has been performed, it is a principle well settled that when the master gives a servant an order which it is his duty to to obey, his act of obedience will not be regarded negligence *per se,* unless the danger of obeying the order is so glaring that no prudent man would have undertaken it. Galveston, H. & S. A. Ry. v. Puente, 70 S. W. Rep., 363; San Antonio & A. P. Ry. v. Stevens, 37 Texas Civ. App., 80.

2. The second assignment of error is directed against the action of the court in refusing the second special instruction requested by the defendant, which is as follows: "You are, at the instance of the defendant, charged that if you believe from the evidence that the pinch-bar was broken and that had it not been broken plaintiff would not have been injured, it will still be your duty to return a verdict for the defendant if you also believe from the evidence that the plaintiff knew that the pinch-bar was broken, or if you believe from the evidence that the defect, if any, in the pinch-bar was open, patent and visible and that plaintiff, in the exercise of ordinary care, would necessarily have known of the defect;" and the third complains of its refusing this one: "If you believe from the evidence that the pinch-bar was broken and you further believe from the evidence that plaintiff knew this, or in the exercise of ordinary care in doing his work would necessarily have acquired such knowledge, and that this was the sole proximate cause of the injury, you will return a verdict for the defendant." Under these assignments the appellant asserts this proposition: "If appellee knew or in the exercise of ordinary care for his own safety would necessarily have learned that the pinch-bar was broken, then he assumed the risk of using the broken bar, and the jury should have been so instructed. The special charges announced correctly the doctrine of assumed risk and should have been given by the court." This proposition is embraced in this part of the court's charge: "If you find that plaintiff knew that the bar in question was broken, or if a person similarly situated must have necessarily discovered the broken condition of the bar, if you should so find it to have been broken, while in the exercise of ordinary care in the discharge of the labor performed by plaintiff on the occasion in question before he fell; or if you find that the bar in question was broken and not reasonably safe and suitable for the work to be done with it, yet if you find that such condition was open and patent, or such as plaintiff should or would have known by the exercise of that measure of care which an ordinarily prudent, careful person would exercise under the same or similar circumstances for his own safety, then, in either event, he assumed the risk arising from working with the bar and can not recover. But if plaintiff did not know that the bar was broken and not reasonably safe for the work to be done, and if a person situated as plaintiff was would not, in the exercise of ordinary care for his own safety in the performance of the work in which plaintiff was engaged when he fell, have discovered that it was broken and not reasonably safe and suitable for the work to be done with it, then he did not assume the risk arising from the bar being broken or defective, if it was broken or

defective." Therefore it was unnecessary to give the requested instruction referred to in the assignments.

3. That portion of the court's charge above copied is the subject of the fourth and fifth assignments of error. The propositions advanced under them are: (1) "If appellee knew that the bar was defective or in the exercise of ordinary care for his own safety would necessarily have learned that it was defective, then he assumed the risk of working with the defective bar, and this though he did not know that the bar was not reasonably safe for the work to be done. It was therefore error for the court to, in effect, charge the jury that before appellee could be held to have assumed the risk of working with the broken bar, it was necessary for him to have known that the bar was broken, and that it was not reasonably safe and suitable for the work to be done with it." (2) "The court in his charge, having, in effect, instructed the jury that before appellee could be held to have assumed the risk of working with the broken bar it was necessary that he should have known both that the bar was broken, and that it was not reasonably safe and suitable for the work to be done with it, misstated the law and the charge in the particulars complained of, can, therefore, not be cured by other portions or paragraphs of the charge," and (3) "The object of the charge being to elucidate the principles of law by which the jury are to be governed in their deliberations, and assumed risk and contributory negligence being separate and distinct defenses, the charge in the particulars complained of, was misleading and confusing in that the court blended the separate defenses relied upon by appellant, and this, though the court may have not affirmatively misstated the law."

We do not think any of the propositions can be maintained as law applicable to this case. The plaintiff had the right to assume when the bar was handed him by his foreman for immediate use that the defendant had discharged its duty in exercising ordinary care to furnish him a reasonably safe instrument with which to do the work he was directed to do. And, acting upon such assumption, it was not incumbent on him to make an inspection of the bar; and unless he knew of the defect, or it was of such nature as to charge him with such knowledge as a matter of law, and with the danger incident to his use of it in doing the work in hand, it can not be said as a matter of law that he assumed the risk of using it, or was guilty of contributory negligence. Missouri K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Galveston, H. & S. A. Ry. Co. v. Udalle, 91 S. W. Rep., 331; Galveston, H. & S. A. Ry. v. Smith, 93 S. W Rep., 185; 98 S. W. Rep., 240; Smith v. Buffalo Oil Co., 91 S. W. Rep., 383; Price v. Consumer's Cotton Oil Co., 90 S. W. Rep., 718; Galveston, H. & S. A. Ry. Co. v. Stoy, 99 S. W. Rep., 135. When the part of the charge complained of by these assignments is read in connection with the balance of it, the law applicable to the facts is clearly and correctly presented by the charge.

4. The sixth assignment of error is predicated upon the failure of the court to give special charge No. 12, which is as follows: "You are, at the instance of the defendant, charged that if you believe,

from the evidence that Stubbs gave the bar to plaintiff and directed him to use same, as he was doing when injured, and that the bar was defective and that Stubbs knew this, or by the exercise of ordinary care and diligence could have known it, and that plaintiff was injured by reason of the bar being defective, that plaintiff knew that the bar was defective, or by the exercise of ordinary care in doing his work ought necessarily to have known that the bar was defective, it will be your duty to return a verdict for defendant in this case." There was no error in its refusal. It omitted the essential requirement that the danger in using the lever must have been known to plaintiff, and made the facts submitted by it, if found true, negligence *per se.*

5. It can not now be said in this State as a matter of law that the master is not liable to his servant for injuries resulting from obvious or patent defects in the simplest tools or appliances furnished him to work with. "Each case necessarily depends upon its own facts, when the question is whether or not there is evidence to go to the jury, and a decision of one state of facts is usually of little help in a different case," as is illustrated by a comparison of the opinions of the Supreme Court in Drake v. San Antonio & A. P. Ry. Co., 89 S. W. Rep., 407, and Gulf, C. & S. F. Ry. Co. v. Larkin, 98 Texas, 225, and the cases cited to sustain the latter decision. It would seem, however, that the proposition that "each case necessarily depends upon its own facts, when the question is whether or not there is evidence to go to the jury," bears upon its face its own refutation. For as the jury is made the exclusive judge of the facts, if there be facts in a particular case the question can not arise "whether or not there is evidence to go to the jury." But conceding the correctness of the proposition, *pro hac vice,* the court did not err in refusing the special charge which is made the subject of the seventh assignment of error. When a case "depends upon its own facts," what are its facts depends upon the findings of the jury, whose province it is to find the ultimate fact of negligence *vel non* from the other facts found.

6. It was not incumbent upon the plaintiff to use any diligence to discover the defect in the pinch-bar. Therefore, the court did not err in refusing special charge No. 7, as complained of by the eighth assignment.

7. Special charge No. 10, was contrary to the law as expounded by the Supreme Court in Drake v. Railway, *supra,* and was therefore, properly refused. Though this case depends upon its own facts, which are different from those in the one referred to, we are not in a position to ignore a principle of law evolved from numerous decisions of analogous cases, except when the principle has been overturned by a decision which we are bound to take as the law and apply it to an analogous case. So we have concluded that there is such an analogy between the facts in the Drake case and this one that, notwithstanding "each case necessarily depends upon its own facts," we feel justified in holding that the special charge made the basis of the ninth assignment was properly refused.

The apology we have thus made for endeavoring to follow the

opinion in the Drake case, we trust, has more show of reason, if not of human nature, than that of the apothecary who, in vending poison, said: "'Tis not my will but my poverty makes me do it."

8. A charge must be read and construed as a whole, and when this is done there is no error in the part of the charge complained of by the tenth assignment of error.

9. As we have before said, the plaintiff had the right to assume that the defendant had used ordinary care in furnishing him a reasonably safe tool, and that it was not incumbent upon him to examine or inspect the pinch-bar furnished him, for the purpose of discovering whether it was defective or not. Therefore, the court did not err in refusing to charge the jury that if plaintiff did not know the pinch-bar was broken, but in failing to learn it he was guilty of negligence contributing to his injury and could not recover whether defendant was guilty of negligence or not.

10. The charge of the court upon the measure of damages is not obnoxious to the objection urged by the twelfth assignment of error. Galveston, H. & S. A. Ry. v. Lynch, 22 Texas Civ. App., 338; San Antonio & A. P. Ry. v. Stevens, 37 Texas Civ. App., 80.

11. The statements made at the time of the accident by parties present as to the defective condition of the pinch-bar were *res gestae* and properly admitted in evidence. Besides, the evidence shows beyond question that the condition of the bar was as stated by such parties. We, therefore, overrule the thirteenth and fourteenth assignments of error.

12. The testimony of plaintiff's mother that he has suffered pain more or less all the time, when taken in connection with the facts detailed by her upon which she based such opinion, was admissible as evidence. Duerler Mfg. Co. v. Eichhorn, 99 S. W. Rep., 715; St. Louis S. W. Ry. Co. v. Brown, 69 S. W. Rep., 1010; Texas Cent. R. Co. v. Powell, 86 S. W. Rep., 21.

There is no error assigned requiring a reversal of the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.