HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. L. H. PARNELL.

Decided June 2, 1909.

**1.—Evidence—Declarations.**

Utterances constituting expressions of existing pain or suffering by one who had received an injury, are admissible and are not excluded as hearsay.

**2.—Evidence—Opinion—Ability to Work.**

One not a medical expert, but familiar by observation with plaintiff's physical condition before and after his injury, may testify that plaintiff was not able to perform physical labor after receiving it.

**3.—Cases Distinguished.**

Moore v. Kennedy, 81 Texas, 147, and Gulf, C. & S. F. Ry. Co. v. Richards, 83 Texas, 203, distinguished. Wells-Fargo Express Company v. Boyle, 39 Texas Civ. App., 365, disapproved.

**4.—Charge—Harmless Error.**

It would seem that where the act of negligence relied on for recovery was so clearly established as to leave no room for doubt on that subject, appellant

is not in a position to ask reversal on account of alleged errors in the charge of the court relating thereto.

**5.—Negligence—Collision of Trains.**

Evidence considered and held to support a recovery for injuries to a railway fireman in a collision of trains caused by the failure of defendant's telegraph operator to deliver to the conductor of one of them a message directing him to remain at a certain station until the other train had passed.

Appeal from the District Court of Robertson County. Tried below before Hon. J. C. Scott.

*Baker, Botts, Parker & Garwood, Kinard & Goodman,* and *O. L. Stribling,* for appellant.—Mere descriptive statements of mental or bodily symptoms or ailments made by the injured person to another party other than the attending physician or nurse are inadmissible in evidence, when testified to by such other person, for the reason that they are self-serving declarations. Runnels v. Pecos & N. T. Ry. Co., 107 S. W., 648; Wells-Fargo & Company v. Boyle, 87 S. W., 166; Railway Co. v. Martin, 63 S. W., 1089, 26 Texas Civ. App., 231; Williams v. Railway Co., 68 Minn., 55; Railway Co. v. Shaw, 203 Ill., 39.

Statements of symptoms and ailments made by the injured person to another, not an attending physician or nurse, are inadmissible when sought to be proven by the testimony of such other person, for the reason that such statements are hearsay testimony. Same authorities.

Where a witness has not qualified to testify as an expert, his conclusion as to the physical condition of the injured person at any given time after the injury as to such injured person's ability to perform labor is not admissible, same being only a conclusion and not a statement of fact. Wells-Fargo & Co. Express v. Boyle, 87 S. W., 166; Clardy v. Callicoate, 24 Texas, 172; Railway Co. v. Scott, 1 Texas Civ. App., 1; Gulf, C. & S. F. Ry. Co. v. Richards, 83 Texas, 140; Moore v. Kennedy, 81 Texas, 147.

*Lane & Woods* and *Bailey, Woods & Moorehead,* for appellee.—The testimony was as to res gestae exclamations of existing condition and pain, and as such was admissible. McGowen v. McGowen, 52 Texas, 657; Wheeler v. Tyler S. E. Ry. Co., 91 Texas, 359; Gulf, C. & S. Fe Ry. Co. v. Bell, 24 Texas Civ. App., 579; Arrington v. T. & P. Ry. Co., 70 S. W., 551.

KEY, Associate Justice.—This is a personal injury suit, which resulted in a verdict and judgment in favor of the plaintiff for $5000, and the defendant has appealed.

The defendant's answer contained a general demurrer, special exceptions, general denial, and special plea charging that the plaintiff was guilty of contributory negligence. It was also alleged that the injuries complained of by the plaintiff were not sustained by him on account of any negligent act of the defendant, but on account of previous injury and disease, for which the defendant was in nowise responsible.

The first and second assignments of error complain of the action of the court in permitting nonexpert witnesses to testify that after the accident referred to they heard the plaintiff complain that his back, side and kidneys hurt him so that he could not turn over. We are of the opinion that the evidence referred to does not come within the rule which excludes hearsay testimony, but falls within the rule which permits witnesses to testify as to what they had heard the plaintiff say when such utterances constitute expressions of existing pain or suffering.

After the plaintiff's brother had testified that he had had experience and was familiar with the character of work plaintiff was engaged in when he was injured, and had been with him a great deal since that time, he was permitted to testify, over the defendant's objection, that since the injury the plaintiff had not been able to perform physical labor. W. G. Moss, another witness for the plaintiff, testified, over defendant's objection, that he had known him about fourteen years; that "before his alleged injury he appeared to be in good health; that he had seen him a number of times since the injury, and he seemed to be pretty badly crippled up; that he does not stand straight and erect like he formerly did, and is kinder stooped over now;" that after his alleged injury he undertook to work for the witness in a meat market, and did not continue to do so, and that he was not able to do the work on account of his physical condition. Appellant objected to the testimony of both of the witnesses referred to as to the plaintiff's not being able to perform physical labor, upon the ground that such testimony was the mere conclusion or opinion of a nonexpert, and the action of the court in overruling such objection is assigned as error. Moore v. Kennedy, 81 Texas, 147; Gulf, C. & S. F. Ry. Co. v. Richards, 83 Texas, 203, and Wells-Fargo Express Co. v. Boyle, 87 S. W., 165, are cited by counsel for appellant in support of their contention. The first two cases are not analogous and do not support the contention urged. The other case, which was decided by the Court of Civil Appeals for the Fifth District, seems to support appellant's contention. However, we are of opinion that the evidence referred to comes within a well established exception to the general rule which excludes opinion testimony by nonexpert witnesses. (Lawson on Expert and Opinion Testimony, pp. 460 to 476.) The author states the rule as follows:

"The general rule certainly is that witnesses are to testify to facts, and not to give their individual opinions. This rule, however, has its exceptions, some of which are as familiar and as well settled as the rule itself. When all the pertinent facts can be sufficiently detailed and described, and when the triers are supposed to be able to form correct conclusions without the aid of opinion or judgment from others, no exception to the rule is allowed. But cases occur where the affirmative of these propositions can not be assumed. The facts are sometimes incapable of being presented with their proper force and significance to any but the observer himself, and it often happens that the triers are not qualified, from experience in the ordinary affairs of life, duly to appreciate all the material facts when proved.

Under these circumstances, the opinions of witnesses must, of necessity, be received."

In discussing the question Mr. Lawson cites Parker v. Boston & H. Steamboat Co., 109 Mass., 449, in which it was held permissible for the plaintiff's daughter to testify that her mother was decidedly worse than she was two months after the accident. In that case the court said: "There are many cases in which a witness may state the result of his observation, though it involves, in some measure, his opinion or judgment. Such are questions of the identity, size or distance of persons or things, and many others. We think the case at bar falls within this class of cases. The witness had the means of observing the plaintiff from time to time, and her testimony was as to facts within her observation, and not a mere expression of opinion reached by a process of reasoning and deduction. She stated what she saw—that the plaintiff was not able to do as much work and was not as well as she was two months after the accident."

There are several other assignments complaining of rulings made concerning the admissibility of testimony, but we are of opinion that the contentions urged are not tenable, and the assignments referred to are overruled.

Several assignments are addressed to the charge of the court and to the refusal to give requested instructions, all of which assignments have been considered and are overruled.

We are of opinion that the charge of the court, supplemented by certain requested instructions which were given, sufficiently advised the jury as to the rules of law by which they should be governed in deciding the case. Furthermore, the act of negligence relied on for recovery was so clearly established as to leave no room for doubt on that subject. The plaintiff was acting as fireman on one of appellant's trains, which collided with another train coming from the opposite direction upon the same track, and this condition of affairs was brought about by the failure of appellant's telegraph operator at one of its stations to deliver to the conductor of one of the trains a message, directing him to remain at a certain station until the other train had passed. In view of these undisputed facts, it would seem that appellant is not in a position to ask a reversal on account of alleged errors in the charge of the court, at least, insofar as the question of appellant's negligence is concerned.

All the assignments which complain of the verdict are overruled. There is testimony in the record which supports the verdict on all the issues submitted, including the propositions that the defendant was guilty of negligence, as alleged, which negligence was the direct and proximate cause of the injuries sustained by the plaintiff; that the plaintiff was not guilty of contributory negligence, and that the amount awarded him as damages is not excessive.

All the questions presented in appellant's brief have received consideration, and our conclusion is that the judgment should be affirmed and it is so ordered.

*Affirmed.*

Writ of error refused.