MISSOURI, K. & T. RY. CO. v. GILCREASE. (No. 1005.)*

(Court of Civil Appeals of Texas. Amarillo. May 31, 1916. Rehearing Denied June 28, 1916.)

1. EVIDENCE ☞470 — OPINION EVIDENCE — MATTERS FOR JURY.
   A witness should state facts, where they are such as can be detailed to the jury, and leave it to the jury to draw the proper conclusion and deduction arising therefrom.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2220; Dec. Dig. ☞470.]

2. EVIDENCE ☞473 — OPINION—INFERENCES FROM COLLECTIVE FACTS.
   The conclusion of a common observer, testifying as to the result of observation made at the time in regard to the common appearance of facts and conditions of things which cannot be reproduced by description, is admissible.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2220–2233; Dec. Dig. ☞473.]

3. EVIDENCE ☞501(3) — OPINION — CONCLUSION—BODILY AND MENTAL CONDITION.
   A witness may give his opinion as to the mental or physical condition of a party, after relating the facts upon which such opinion is based.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2297; Dec. Dig. ☞501(3).]

---

4. EVIDENCE ☞501(3)—OPINION EVIDENCE—
FOUNDATION.

Opinion as to mental or physical condition may be given before or after testimony of the witness as to the facts upon which his opinion is based.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2297; Dec. Dig. ☞501(3).]

5. EVIDENCE ☞477(2) — OPINION EVIDENCE
—BODILY CONDITION.

After testimony of a witness as to his observation of the effect of labor upon plaintiff in personal injury suit, he could give his opinion whether the plaintiff could perform light or heavy labor and could do so continuously.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2238; Dec. Dig. ☞477(2).]

6. APPEAL AND ERROR ☞1048(7)—HARMLESS
ERROR—EXCLUSION OF TESTIMONY ON FOR-
MER TRIAL.

In personal injury action, the exclusion of testimony of doctors on former trial as impeaching evidence was not prejudicial to defendant; where its admission could not have affected the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4160; Dec. Dig. ☞1048(7).]

Appeal from District Court, Collin County.

Action by R. D. Gilcrease against the Missouri, Kansas & Texas Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Wallace Hughston and W. R. Abernathy, both of McKinney, and C. C. Huff, of Dallas, for appellant. F. E. Wilcox and R. C. Merritt, both of McKinney, for appellee.

HUFF, C. J. The appellee sued for injuries sustained while employed by appellant, as a section hand on appellant's railroad, and obtained a verdict and judgment for $3,000. It is substantially alleged and so found by the jury, that one J. L. Faulkner, a colaborer with appellee on the section, and with whom appellee was working, gave a heavy, unusual jerk of a railroad tie; that he jerked it suddenly and before appellee was ready, quicker than was usual and customary; jerked it sideways instead of giving it a steady, straight pull, as it was usually and ordinarily done. This negligence was alleged and found to be the proximate cause of the injury, without any negligence on the part of the appellee contributing to his injury, and, further, that he did not assume the risk. His injuries alleged and shown were to his back, his kidneys, bladder, and other portions of his body. The evidence is conflicting between the physicians as to the nature of his injuries. If the jury accepted appellee's testimony, they could find he was severely injured and suffered severely, and so continued to suffer; that it incapacitated the appellee to do manual labor, and which was his only means of earning a living; and, while they find his injury was not permanent, there are facts which will warrant the finding that its continuance will probably be of long duration, and that he will con-

tinue to suffer for a long time. This particular issue was not submitted to the jury or passed on by them, and we must presume the court so found the issue in favor of appellant, and do so in sustaining the judgment of the court for the amount found by the jury. The first assignment of error is in admitting the testimony of one M. L. Brock:

"I think R. D. Gilcrease is able to do light work on the farm occasionally, but I do not think that he will be able to do any work regularly every day. R. D. Gilcrease is not able to do any heavy work on the farm or anywhere else."

The appellant objected because:

"(a) The same is the opinion or conclusion of the witness, and not a statement of any fact; (b) prejudicial; (c) and such evidence is the opinion of a nonexpert witness, concerning matters about which he is not competent to speak; (d) and said witness is not qualified to express an opinion."

The trial court added the following qualification to the bill of exception:

"This witness had also testified as follows: That plaintiff came to his place in November, 1914; that he gave him plowing to do; he gave him that kind of work to do because he apparently was not able to do hard work; that it had the appearance of making plaintiff weak and worn out, or to do a hard day's work; that he noticed during the time he was at work that he was weak and worn out after the day's work was over and to be suffering greatly; that after doing a day's work R. D. Gilcrease appeared to be very weak and worn out."

The evidence objected to is clearly the opinion of the witness. Railway Co. v. Demsey, 40 Tex. Civ. App. 398, 89 S. W. 787; Wells Fargo, etc., v. Boyle, 39 Tex. Civ. App. 365, 87 S. W. 164; Roth v. Travelers' Protective Association, 102 Tex. 241, 115 S. W. 31, 132 Am. St. Rep. 871, 20 Ann. Cas. 97. Unless the facts recited by the trial judge in his qualification to the bill are sufficient as a predicate for the opinion, the evidence should have been excluded. The witness was a nonexpert. The witness must, under such circumstances, relate the facts upon which his conclusion is based. The testimony of this witness, as given by him is set out in appellant's brief, and is concurred in by appellee, and is as follows:

"My name is M. L. Brock; my age 45 years old. My business is farming, and I live five miles west of Ferris in Ellis county. I have been engaged in farming all my life. I have known R. D. Gilcrease since November, 1914. He has worked for me. R. D. Gilcrease is now living in a tent on J. M. Bachelor's farm on Bear creek, about three miles west of Ferris, Tex. I gave R. D. Gilcrease farm work, plowing. I have given him 20 days' plowing from that time until now. I gave R. D. Gilcrease, when he came to my place in November, 1914, that kind of work to do because he apparently was not able to do any hard work. It had the appearance of making R. D. Gilcrease weak and worn out to do a day's work, and after the day's work I noticed, during the time that R. D. Gilcrease was at work, that he was weak and not able to do a day's work, and was worn out after the day's work was over. He appeared to be suffering considerable. I don't think that R. D. Gilcrease is able to make a full hand

on the farm, because I don't think he is physically able to make a full hand on the farm. After doing a day's work R. D. Gilcrease appears to be very weak and worn out. I think that R. D. Gilcrease is able to do light work on the farm occasionally, but I don't think that he would be able to do any work regular every day. R. D. Gilcrease is not fit for any heavy work on the farm or anywhere else. He don't seem to be physically able to do hard work. * * * I have known R. D. Gilcrease since November, 1914."

The fifth assignment objects to the statement of this witness that he gave appellee that kind of work because apparently he was not able to do any other kind or hard work.

The sixth is to the testimony that it had the appearance of making appellee weak and worn out after the day's work, and he noticed during the time the appellee was at work that he was weak and not able to do a day's work, and was worn out after the day's work was over.

The seventh, that he did not think he was able to make a full hand on the farm.

The eighth, that he was able to do light farm work. The ninth, that he does not seem to be physically able to do hard work.

[1, 2] It has been repeatedly said by our courts that the correct practice is for the witness to state facts where they are such as can be detailed to the jury, and leave it to the jury to draw the proper conclusion and deduction arising therefrom. Clardy v. Callicoate, 24 Tex. 170–173. There are exceptions, however, to the general rule, as well established as the rule. The conclusion of a common observer, testifying as to the result of his observation, made at the time, in regard to the common appearance of facts and a condition of things which cannot be reproduced and made palpable to the jury, is said to be admissible. McCabe v. San Antonio, etc., 39 Tex. Civ. App. 614, 88 S. W. 387. So, also, where the facts which constitute the cause from which the opinion of the witness deduced the effect cannot themselves be so presented or communicated to the mind of the jury as to impart to them the knowledge actually possessed by the witness. Turner v. Strange, 56 Tex. 143. Under these exceptions and the like, the statement of the witness that it appeared the work done made appellee weak and worn out after the day's work, that he noticed he was weak and worn out, are admissible. The courts of this state recognize these exceptions in the following cases: Railway Company v. Brown, 30 Tex. Civ. App. 57, 69 S. W. 1010; Railroad Company v. Adams, 121 S. W. 876; Railway Co. v. Parnell, 56 Tex. Civ. App. 265, 120 S. W. 951; Railway Co. v. Dellmon, 171 S. W. 799; San Antonio Traction, etc., v. Flory, 45 Tex. Civ. App. 425, 100 S. W. 202; Railroad Co. v. Pruitt, 157 S. W. 236; Railway Co. v. Sandlin, 57 Tex. Civ. App. 151, 122 S. W. 60.

The witness having testified to the apparent suffering, weakness, and worn-out condition after a day's work at light labor were the facts observed by him which the trial court says was the testimony which authorized the admission of the opinion set out under the first assignment.

[3, 4] A witness may give his opinion as to the mental or physical condition of a party when they have related the facts upon which such opinion is found, and it is not material whether the facts are given before or after such opinion. It would hardly have fallen within the province of the trial judge to have excluded the opinion of the witness because he did not agree with him from the facts detailed. Garrison v. Blanton, 48 Tex. 302, 303; Railway Co. v. Jarrard, 65 Tex. 560; Railway Co. v. John, 9 Tex. Civ. App. 342, 29 S. W. 558. It has been held that a nonexpert witness may testify as to the effect upon the injured party's capacity to work or labor. Railway Co. v. Smith, 90 S. W. 926; Railway Co. v. Watts, 36 Tex. Civ. App. 29, 81 S. W. 326; Railway Co. v. Jones, 39 Tex. Civ. App. 480, 88 S. W. 445, and the other authorities cited herein.

[5] We believe the witness, having observed the effect of labor upon the appellee, as to exhausting him, wearing him out, and noticing his suffering, and also that he was weak, could give his opinion whether he could perform heavy or light labor or could do so continuously. As to the testimony of Brock, objected to, we find no error on the part of the court in overruling the several exceptions thereto, and the assignments thereon will be overruled.

The second assignment is to the testimony of Frank Smith that, "Yes; R. D. Gilcrease seems to have a weak back and kidneys." The witness was a half-brother of appellee, and saw him work before and after his injury; saw him at work after the injury, plowing and picking cotton, which he had to do by crawling on his knees; that stooping gave him great pain. He noticed that appellee flinched when he would stoop; that he would have fever at night after this work; that he would have to stop often to let his kidney act; and that he seemed to suffer a great deal with his kidneys. Railway Co. v. Clippenger, 47 Tex. Civ. App. 510, 106 S. W. 155; Railway Co. v. Schuler, 46 Tex. Civ. App. 356, 102 S. W. 783, and authorities heretofore cited. Mrs. Smith, the mother of appellee, also testified as to the condition of his kidneys, without objection; her testimony being in its nature substantially the same as Frank Smith's.

The third assignment is also to Smith's testimony, to the effect that he was not able to make a full hand. This is disposed of by what has heretofore been said by us.

The fourth assignment is to the testimony of McDonald, to the same effect as that of Smith, and part of Brock's testimony. We believe this evidence also admissible, while the witness did not testify quite so fully as to his observation of the appellee as did the others, but simply states he seems to be

weak in the back and suffering with his back and kidneys. This assignment is overruled.

The eighth and tenth assignments are also overruled, to the evidence admitted over the objection of appellant, for the reasons heretofore given.

[6] We do not think any material error, if error at all, is shown by assignments 11 and 12, in excluding the testimony of Dr. Ben Largent and Dr. J. E. Hunter, given on a former trial of this case. It appears the court stenographer was placed on the stand to show that the two doctors, on the former trial, testified that they then found appellee with fever when they examined him for the purpose of testifying. The testimony offered as part of their then evidence we do not regard as explaining their statement with reference to his fever or their statement of that fact. The witnesses on the present trial had testified he had no fever, when they first examined him, and their former testimony on that point was offered in the nature of impeachment. We do not think the offered testimony explained the apparent contradiction, and could not, if it had been received, have affected the case either one way or the other.

The thirteenth assignment assails the verdict as being excessive. While the verdict is more than we would have awarded upon this record, we are yet unable to say that a remittitur should be filed. It was a matter which the jury and trial court could better determine than we, and it is not so grossly excessive in our judgment as to demand that it be set aside, or that a remittitur be ordered.

The case will be affirmed.