## S. E. Smith v. Buffalo Oil Company.

### Decided January 5, 1906.

**1.—Evidence of Negligence—Peremptory Charge.**

Facts considered, and held sufficient to raise the issue of negligence on the part of the employer. It was therefore error to instruct a verdict for defendant.

**2.—Assumed Risk.**

The failure of the master to use proper care to provide a reasonably safe place for the servant to perform his work, and to furnish him with reasonably safe appliances, is not an ordinary risk of his employment with the assumption of which the servant is charged, unless he knows of such failure.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*Makemson, Hudson & Lord,* for appellant.—Every material allegation of plaintiff's first amended original petition was strongly supported by the evidence, and the issues should have been submitted to the jury.

Lindsey v. Storrie, 55 S. W. Rep., 370; Bowman v. Texas Brewing Co., 43 S. W. Rep., 808; Stooksbury v. Swan, 85 Texas, 573; Texas & Pac. Ry. v. Murphy, 46 Texas, 366 et seq.; Bonnett v. Galveston, H. & S. A. Ry. Co., 89 Texas, 72, and authorities there cited; McCray v. Galveston, H. & S. A. Ry. Co., 34 S. W. Rep., 95; Shearman & Redfield Neg. (4th ed.), vol. 1, sec. 186.

It is the duty of the master to provide a safe place for the servant to perform his work, *i. e.*, to exercise ordinary care in this respect. Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287, et seq.; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 350, et seq.; Louisville & C. Ry. Co. v. Hanning, 31 Am. St. Rep., 443; Shearman v. Redfield Neg. (4th ed.), vol. 1, sec. 194; 20 Am. and Eng. Ency. of Law, p. 55, et seq. (2d ed.).

It is the duty of the master to apprise the inexperienced servant of the dangers of the employment, and those that may arise from extraneous causes. Texas & P. Ry. Co. v. Utley, 66 S W. Rep., 311; Bonnett v. Galveston, H. & S. A. Ry. Co., 89 Texas, 72, et seq.; Baxter v. Roberts, 13 Am. Rep., 163 et seq.; Shearman & Redfield Neg. (4th ed.), vol. 1, sec. 203; 20 Am. and Eng. Ency. of Law, p. 96, and authorities cited (2d ed.).

The servant does not assume the risks arising from the failure of the master to do his duty. Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 350, et seq.; Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287; St. Louis S. W. Ry. Co. v. Smith, 63 S. W. Rep., 1064; Gulf, C. & S. F. Ry. Co. v. Moore, 68 S. W. Rep., 559; Nadau v. White River Lumber Co., 20 Am. St. Rep., 37, et seq.; Louisville & C. Ry. Co. v. Hanning, 31 Am. St. Rep., 443; Shearman & Redfield Neg. (4th ed.), vol. 1, sec. 186; 20 Am. and Eng. Ency. of Law, p. 123 (d), 2d ed.

The servant does not assume the risk of unknown dangers. Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287; International Ry. Co. v. Hall, 21 S. W. Rep., 1024; Missouri Pac. Ry. Co. v. Somers, 78 Texas, 442, et seq.; Shearman & Redfield Neg. (4th ed.), vol. 1, sec. 185; 20 Am. and Eng. Ency. of Law, p. 121, 2d ed.

*L. A. Carlton* and *E. E. Townes*, for appellee.—The nature of the business carried on by the appellee, defendant in this case, and in which plaintiff was engaged at the time of his injury, and for which he was employed, was not of such extraordinarily dangerous character, and the risk involved was not such as to require the master to give to the servant any instructions or warning in regard thereto. San Antonio Gas Co. v. Robertson, 93 Texas, 507; McNiff v. Texas Midland Ry. Co., 64 S. W. Rep., 1010; Newnon v. Southern Tel. & Tel. Co., 47 S. W. Rep., 669; Texas & P. Ry. Co. v. French, 23 S. W. Rep., 644.

The evidence adduced upon the trial, viewed in the light most favorable to appellant, was insufficient in law to support a verdict for him. Texas & N. O. Ry. Co. v. Crowder, 76 Texas, 501; Ladonia, etc., Co. v. Shaw, 65 S. W. Rep., 694; McNiff v. Texas Midland Ry. Co., 64 S. W. Rep., 1010; Ely v. San Antonio & A. P. Ry. Co., 40 S. W. Rep., 176; St. Louis, etc., Ry. Co. v. Denny, 24 S. W. Rep., 321; Newnon v. S. W. Tel. & Tel. Co., 47 S. W. Rep., 669.

The court is in duty bound to instruct a verdict for the defendant in the following cases, which apply to the case at bar:

(a)   Where the evidence, if taken as true, is insufficient to support a verdict for the plaintiff.

(b)   Where the evidence, though not uncontroverted, is of such a character that no two reasonable men could disagree as to its effect and the facts established, and these established facts are insufficient to show a liability on the part of the defendant.

(c)   Where there is no evidence to prove an essential element of plaintiff's right to recover.   McNiff v. Texas Mid. Ry. Co., 64 S. W. Rep., 1010; Texas & N. O. Ry. Co. v. Crowder, 76 Texas, 501; Allen v. Galveston, H. & S. A. Ry. Co., 37 S. W. Rep., 171; Newnon v. S. W. Tel. & Tel. Co., 47 S. W. Rep., 669; Texas & P. Ry. Co. v. Moore, 27 S. W. Rep., 965, citing authorities; Lytle v. Crescent News & Hotel Co., 66 S. W. Rep., 240; San Antonio & A. P. Ry. Co. v. Long, 23 S. W. Rep., 500; 11 Am. and Eng. Ency. of Law, pp. 240, 245, 246.

Plaintiff could recover of defendant only in case the injury complained of was shown to have resulted proximately from an act of the defendant or of some one whose acts it was under a duty to control or prevent, or for which it was in law responsible.   Gulf, C. & S. F. Ry. Co. v. Wittig, 35 S. W. Rep., 858 and 859; Gulf, C. & S. F. Ry. Co. v. Knott, 36 S. W. Rep., 493-4, etc.

The evidence does not show a failure of the master to exercise ordinary care to furnish a safe place for its employes to work in.   Behring Manfg. Co. v. Peterson, 67 S. W. Rep., 134; Texas & P. Ry. Co. v. French, 23 S. W. Rep., 644; McNiff v. Texas Mid. Ry. Co., 64 S. W. Rep., 1010.

The servant assumes the risk resulting from a dangerous place for performing his labor, and from other causes where such dangers are patent and known to him, or could have been known, had he exercised ordinary and proper care for his own safety.   Ladonia Cotton Oil Co. v. Shaw, 65 S. W. Rep., 694; Jones v. Galveston, H. & S. A. Ry. Co., 31 S. W. Rep., 707; Newman v. Southwestern Tel. & Tel. Co., 47 S. W. Rep., 669; Houston & T. C. Ry. Co. v. Banager, 14 S. W. Rep., 243; St. Louis, etc., v. Denny, 24 S. W. Rep., 320; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 24; Ely v. San Antonio & A. P. Ry. Co., 40 S. W. Rep., 175; Texas & P. Ry. Co. v. French, 23 S. W. Rep., 644.

Where, for any reason, a piece of property is unsafe, the persons who are employed for the work of repairing or making it safe take upon themselves whatever of added risk comes from its existing conditions and the defects and dangers which they are employed to remedy.   Allen v. Galveston, H. & S. A. Ry. Co., 37 S. W. Rep., 171; San Antonio & A. P. Ry. Co. v. Weigers, 54 S. W. Rep., 911; Houston & T. C. Ry. Co. v. O'Hare, 64 Texas, 603; Colson v. Oregon S. L. & U. N. Ry. Co., 28 Pac. Rep., 497.

The master has the right to assume that one applying for and accepting employment in a certain line of work is familiar with such work, its duties and dangers.   Jones v. Galveston, H. & S. A. Ry. Co., 31 S. W. Rep., 707; Missouri Pac. Ry. Co. v. Watts, 63 Texas, 552; Galveston, H. & S. A. Ry. Co. v. Hughes, 54 S. W. Rep., 266; Gulf, C. & S. F. Ry. Co. v. Williams, 12 S W. Rep., 174; Pittsburg, etc., Ry. Co. v. Adams, 5 N. E. Rep., 194.

In order to charge the master with the duty of warning or instructing an ignorant or inexperienced servant as to the dangers incident to his

employment, such ignorance or inexperience must be brought to the knowledge of the master or instruction requested.    Galveston, H. & S. A. v. Hughes, 54 S. W. Rep., 266; Gulf, C. & S. F. Ry. Co. v. Mc-·Mahan, 26 S. W. Rep., 160-1; Watson v. Houston & T. C. Ry. Co., 58 Texas, 438; Missouri Pac. Ry. Co. v. Watts, 63 Texas, 552; Pittsburg, etc., Ry. Co. v. Adams, 5 N. E. Rep., 194.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit by appellant to recover damages for personal injuries alleged to have been caused him by the negligence of appellee, his employer.

The defendant answered the suit by general denial and pleas of assumed risk and contributory negligence.

The trial court instructed a verdict for the defendant and rendered judgment accordingly.

The evidence shows that plaintiff sustained the injuries complained of in his petition under the following circumstances:    He was employed by the defendant as a common laborer and, under the direction of his employer, was engaged in rearranging a pipe attached to the exhaust pipe of a steam engine, and while so engaged was scalded by steam which was forced through the exhaust pipe by the engine being put in motion. The engine had not been in motion for some time prior to the time plaintiff attempted to rearrange the pipe.    It was concealed from his view and there was nothing to put him upon notice that it was likely to be put in operation while he was engaged in the work which he had been directed to perform.

The engine by which the hot steam was projected through the pipe and upon plaintiff's body was not owned by appellee and was not under its control, but plaintiff had no knowledge of these facts, and appellee's manager, who was directing the work in which plaintiff was engaged and who was a vice-principal, ordered him to rearrange the pipe without notifying the person operating the engine of his intention to have such work performed, and without informing plaintiff that the engine was not under appellee's control, and that no steps had been taken to prevent its being started while he was at work on the pipe.

The engineer did not know when he started his engine that plaintiff and his coemployes were engaged in rearranging the exhaust pipe or that the performance of such work was contemplated by appellee.

The testimony shows that none of the several workmen who were assisting plaintiff were injured by the escaping steam, and he might have done the work required of him without placing himself in a position where he would have come in contact with the steam from the exhaust pipe, but there is testimony to the effect that the position in which he stood at the time of his injury was the most convenient and suitable for the expeditious performance of his work.

The work in which he was engaged at the time he was injured was in the line of his employment, and required for its proper and safe performance no special skill or knowledge of any kind, and there is no evidence that he was not fully informed as to the dangers ordinarily incident to his employment, and no facts are shown which would exempt him from the operation of the rule that charges him with the assumption of the risks ordinarily incident to his employment.

We think it clear that this evidence raises the issue of negligence on the part of appellee in ordering appellant to rearrange the exhaust pipe without notifying the person in charge of the engine that such order would be given, and in failing to inform appellant that it had no control of the engine and that it might be put in motion at any time. The facts that appellee did not own the engine and that it was not situated upon its property are immaterial. Appellant had no notice of these facts, and even if he had, he had the right to assume that appellee, when it ordered him to work on the exhaust pipe, would use proper care to see that the engine was not put in motion while he was performing his work, or would warn him that the engine might be started while he was handling the pipe.

We do not think the issue of assumed risk was raised by the evidence. The failure of the master to use proper care to provide a reasonably safe place for the servant to perform his work, and to furnish him with reasonably safe appliances, is not an ordinary risk of his employment with the assumption of which the servant is charged unless he knows of such failure. (Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 350; Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287; St. Louis & S. W. Ry. Co. v. Smith, 63 S. W. Rep., 1064; Gulf, C. & S. F. Ry. Co. v. Moore, 68 S. W. Rep., 559; Shearman & Redfield on Neg. (4th ed.), vol. 1, sec. 186.)

If it be conceded that the issue of contributory negligence was raised by the evidence, it certainly can not be held that the facts shown by the testimony are such that reasonable minds could reach no other conclusion than that appellant was guilty of negligence which proximately contributed to his injury, and that issue should have been left to the determination of the jury. (Texas & Pac. Ry. Co. v. Murphy, 46 Texas, 366; Bonnett v. Galveston, H. & S. A. Ry. Co., 89 Texas, 72.)

There being sufficient evidence to authorize a finding that appellant's injuries were caused by the alleged negligence of the appellee and that he was not guilty of contributory negligence, it was error to instruct the jury to return a verdict for the defendant, and the judgment of the trial court is therefore reversed and the cause remanded.

*Reversed and remanded.*