### THE TEXAS COMPANY v. D. W. STRANGE.

Decided November 12, 1910.

**1.—Master and Servant—Safe Place to Work—Duty of Master.**

In a case where both carpenters and brick masons were engaged in the erection of a building and, in accordance with their duty and instructions, the carpenters constructed a scaffold for the masons to work upon, and the masons took no part in the construction of the same, the master would be liable

for personal injuries to a mason caused by a failure on the part of the carpenters to exercise ordinary care in the construction of the scaffold whereby the scaffold fell.   It would be otherwise if the masons themselves constructed the scaffold.                                                                          ,

### 2.—Same—Duty of Master—Charge—Construction.

A charge should be considered and construed as a whole.   A charge upon the duty of an employer to furnish his employees a safe place to work, considered, and held subject to the objection that a certain paragraph of it imposed upon the employer the absolute duty of faultless construction of a scaffold, and of furnishing material free from defects, etc., still when the charge was considered as a whole said objection was cured by other portions of the same in which the jury was instructed, in effect, that the employer was not an insurer of a safe place to work, and the measure of the employer's duty was ordinary care.

### . 3.—Same—Assumed Risk.

If an employee after going upon a scaffold discovered the immediate danger of its falling, and failed to use proper care to protect himself from injury, but remained thereon waiting for others to repair it, he assumed the · risk of his position.   It would be otherwise if the scaffold fell after he discovered its dangerous condition and before, by the use of ordinary care, he could leave it.

Appeal from the District Court of Dallas County.   Tried below before Hon. E. B. Muse.

*James L. Autry* and *Amos L. Beaty,* for appellant.—The scaffold which fell with the plaintiff, being merely a temporary structure, erected by the defendant's employees in the course of the work being done and as a means of instrumentality of doing that work, and not having been furnished by the defendant as a completed structure, was not the kind of a work-place contemplated by the rule requiring the master, as one of his non-delegable duties to use care to see that the work-place is safe. And this is not altered by the fact that employees other than the plaintiff —he being a bricklayer and they being carpenters—constructed the scaffold; they were all fellow servants.   Allen v. Railway (Texas Civ. App.), 37 S. W., 171; Maughmer v. Bering (Texas Civ. App.), 46 S. W., 917; Armour v. Hahn, 111 U. S., 313 (28 L. Ed., 440); Phoenix v. Castleberry (C. C. A.), 131 Fed., 175; Thomas on Negligence, page 790; Thompson on Negligence, sec. 5257; Shearman & Redfield (4th ed.), sec. 195; Labatt, Master and Servant, secs. 614-617; Labatt's editorial note, 54 L. R. A., 142; 12 Am. & Eng. Ency. Law, 957, 1015; 20 Am. & Eng. Ency. Law, 81, 82; Beesley v. Wheeler (Mich.), 61 N. W., 658; Killea v. Faxon, 125 Mass., 485; Peschel v. Railway (Wis.), 21 N. W., 269; McCone v. Gallagher, 44 N. Y. Supp., 697; Butler v. Townsend (N. Y.), 26 N. E., 1017; Garrow v. Miller (Vt.), 47 Atl., 1087; Metzler v. McKenzie (Wash.), 76 Pac., 114; Fraser v. Lumber Co. (Minn.), 47 N. W., 785; Fukare v. Kerbaugh (N. J.), 61 Atl., 376; Ross v. Walker (Pa.), 21 Atl., 157; Burns v. Sennett (Cal.), 33 Pac., 916; Benn v. Null (Iowa), 21 N. W., 700; Grayson v. Carter (Ark.), 88 S. W., 597; Channon v. Sanford, 70 Conn., 573; Donovan v. Harlan, 2 Penn. (Del.), 190; Wigmore v. Jay, 5 Exch., 354.

*Charles F. Clint* and *Chilton & Chilton,* for appellee.—That appellant having employed carpenters to build the scaffold upon which the plaintiff, a bricklayer, was called upon to perform his work, and having undertaken to furnish same as a completed structure or instrumentality, is liable to plaintiff for negligence in its construction: Terrell Compress Co. v. Arrington, 48 S. W., 59; Buchanan v. Murayda, 124 S. W., 973; Quinn v. Glenn Lbr. Co., 126 S. W., 2; Chambers v. American Tin Plate Co., 129 Fed., 561 (Lurton); Vulcan Co. v. Harrison, 130 S. W., 583 (Ark.); Chicago & A. Co. v. Maroney, 170 Ill., 520, 48 N. E., 953; McNamara v. McDonough (Cal.), 36 Pac., 941; Sims v. Am. Steel Barge Co. (Minn.), 57 N. W., 322; Kansas C. & F. Co. v. Sawyer (Kan.), 53 Pac., 90; Cadden v. Am. Steel Barge (Wis.), 60 N. W., 800; Southern Pac. Ry. v. Markey, 19 S. W., 392; Missouri, K. & T. v. Keefe, 84 S. W., 679; Kreigh v. Westinghouse, 214 U. S., 249; Smith v. Buffalo Oil Co., 91 S. W., 383; Texas & P. v. Hohn, 21 S. W., 942 (writ denied, plank on scaffold hit passing brakeman); Duerler v. Eichhorn, 99 S. W., 715 (barrel falling on plaintiff); Pipkin v. Hayward Lbr. Co., 94 S. W., 1068; San Antonio Foundry Co. v. Drish, 85 S. W., 440 (hole in path); St. Louis S. W. Ry. v. Mayfield, 60 S. W., 896.

The charge assailed in third assignment applied to the testimony as to what was said and done by plaintiff after he got on the scaffold, and was correct: Missouri, K. & T. v. Milam, 50 S. W., 417; International & G. N. v. Cochrane, 71 S. W., 41; Missouri, K. & T. v. Williams, 68 S. W., 805; Missouri, K. & T. v. Follin, 68 S. W., 810; St. Louis & S. F. R. R. v. McClain, 80 Texas, 85; 26 Cyc., 1202 and 1207.

RAINEY, Chief Justice.—Appellee brought this suit to recover of appellant damages on account of personal injuries received by him while in its services as a bricklayer. The injury was caused by the falling of a scaffold erected by appellant for the use of appellee to stand upon while laying brick in the walls of a building then in the course of construction for appellant. Negligence was charged against the company substantially as follows:

First. In failing to use ordinary care to furnish a safe work-place.

Second. In furnishing knotty, weak and unsound timber for the workmen to use in building the scaffold.

Third. In employing and having inexperienced and incompetent men to select the materials and build the scaffold.

Fourth. In failing to have a sufficient number of carpenters engaged in and about the work being done.

Fifth. In failing to inspect or to have an inspector or some one performing the duties of an inspector.

The defendant pleaded the general issue, assumed risk, and contributory negligence. A trial was had and resulted in a verdict and judgment for plaintiff, and the defendant prosecutes this appeal.

The appellant requested a peremptory instruction in its favor which was denied by the court, and this action of the court is the basis for its first assignment of error.

The proposition is made that under the circumstances no liability is shown on the part of appellant for the falling of the scaffold. As a general rule, it is the duty of the master to furnish the servant with a safe place to work. The measure of this duty is the use of ordinary care. The question arises, does the rule apply in this case? The appellant insists that it does not, while on the other hand the appellee insists that it does.

The facts, about which there is no controversy, are substantially that the appellant was having an oil refinery constructed, which required the erection of several buildings. The appellant had quite a force of workmen employed, consisting of carpenters, bricklayers and other workmen. There was a general superintendent of this force. There was a foreman of the carpenters, and one of the bricklayers. Each foreman had control only of his particular squad. Said foremen had the power to employ and discharge men but neither had any power or control of the other's squad. The scaffold was erected by the carpenters exclusively, the masons taking no part in its construction. The carpenters, as was the custom, had erected the scaffold on which it was necessary for the masons to stand in the prosecution of their work, and in this instance as the masons went upon the scaffold it fell and the appellee was injured. It is true that the scaffold was only a temporary one, but it was erected to stand for the use of the masons until the task assigned them had been completed. Without it the walls of the building could not well have been completed, so it was necessary for the masons to use it. It was no part of the masons' duty to assist in the erection of said scaffold, nor did they assist in any way in its erection, and under these conditions we think it was the master's duty to use ordinary care in the construction of said scaffold, and if it did not do so it would be liable for the damages resulting.

We think this case different in principle from those cases where, in the construction of buildings, it is necessary to erect temporary structures to complete the main structure and the workmen themselves erect such temporary structures. In such case the workmen assume the risk of the temporary structures being safe, while in the case at bar the masons had the right to assume that the master had done its duty and provided them with a safe place to work. There seems to be a conflict of authorities in other States on the principle here involved. There is no direct adjudication by our courts of this State on the precise question, but there are cases which in principle are in line with our holding. Pipkin v. Hayward Lbr. Co., 43 Texas Civ. App., 304 (96 S. W., 635); Smith v. Buffalo Oil Co., 41 Texas Civ. App., 267 (91 S. W., 383); Missouri, K. & T. Ry. Co. v. Keefe, 37 Texas Civ. App., 588 (84 S. W., 679); Texas & Pac. Ry. Co. v. Hohn, 1 Texas Civ. App., 36 (21 S. W., 942).

We are of the opinion that the authorities of other jurisdictions holding contrary to the principle insisted upon by appellant, is the better, and comports with the justice of this case, some of which we cite. McNamara v. McDonough, 36 Pac., 941; Kreigh v. Westinghouse, 214 U.

S., 249; Chicago & A. R. Co. v. Maroney, 170 Ill., 520 (48 N. E., 953); Cadden v. American Steel Barge Co., 60 N. W., 800; Sims v. American Steel Barge Co., 57 N. W., 322; Kansas C. & F. Co. v. Sawyer, 53 Pac., 90.

The servants who erected the scaffold were not fellow servants of appellee. The masons had no connection with the building of the scaffold. The appellant had undertaken to furnish it for the masons, and the doctrine of fellow servants does not apply in this instance.

Appellant's second assignment of error complains of the following paragraph of the charge, which reads: "If you find from the evidence that on or about August 17, 1907, the plaintiff was in the employ of the defendant as a brick mason, and while then and there engaged in the discharge of his duty in laying brick and exercising ordinary care in discharging said duties, said scaffolding gave way and caused the plaintiff to fall therefrom to the ground, as complained of in his first amended original petition, and he was thereby injured in the manner set forth in his first amended original petition, and that said scaffold gave way and fell because of faulty construction, or because of defective or unsound material therein, or because of the incompetency of those who constructed the same, or that the defendant failed to exercise ordinary care in the construction of said scaffolding by itself or through its employees or agents, or failed to furnish sound material for the construction thereof, or failed to furnish competent labor to construct the same—then, and in either of such events, for failure to furnish either of the instrumentalities just hereinbefore indicated, it would be liable to the plaintiff for damages for any injuries on account of either of such failures which may have been then and there inflicted upon him, and in such event you will find for the plaintiff damages in such sum as the evidence discloses he may be entitled to."

Under this assignment is submitted the following proposition: "The charge complained of not only required the defendant to use ordinary care in the construction of the scaffolding, but plainly imposed upon it the absolute duty of faultless construction, and of furnishing material free from defects, and of hiring competent laborers, rather than merely using ordinary care in those respects, which of course was error."

While the paragraph complained of is not free from the construction contended for by appellant, yet we think the objections were cured by the court in other portions of the charge, where the jury were instructed, in effect, that the master was not an insurer of a safe place to work, but the measure of the master's duty was ordinary care. The charge, in this respect, when considered as a whole, was sufficient and presents no reversible error. The paragraph complained of is erroneous in submitting the right to recover if appellant "failed to furnish competent labor to construct the same," as the evidence failed to raise the issue of competent labor.

The third assignment of error is: "If you believe from the evidence that the scaffold in question was clearly defective, and that the plaintiff

had a full knowledge thereof, and that it was clearly and immediately dangerous, and that the plaintiff had a full knowledge thereof, but that he proceeded upon said discovery to notify the defendant of the defective and dangerous condition of the scaffolding, and that before it could be repaired or strengthened, the same, without the fault ·of plaintiff, broke and fell, then and in that event plaintiff did not assume any risk in connection with its defective or dangerous condition; and although he may have known of both such defects and danger, he could still recover, as hereinbefore indicated,—unless you believe and find from the evidence that his own want of ordinary care caused or contributed to causing said scaffold to fall and break and injure him, as aforesaid."

We are inclined to think this charge was calculated to confuse and mislead the jury. There was testimony by plaintiff that he did not know the scaffold was dangerous before he went on it, while on the other hand there was testimony tending to show that he did know it was not safe when he went on it. Plaintiff's theory is that he did not know, but that after he had gone on the scaffold he discovered its defective condition and called for the carpenters to fix it, and before he could get off it fell and he was injured. The court in writing the charge probably had this theory in view and attempted to present it to the jury, but if so, he failed to present it in a clear manner so as to properly present it to the jury, and it is therefore error. He had charged on assumed risk and there was not a sufficient grouping of facts in the charge complained of to direct the attention of the jury to the condition that would relieve appellee from assumed risk. If, after appellee went upon the scaffold, he discovered the immediate danger of its falling and did not use proper care to protect himself from injury but remained thereon waiting for the carpenters to repair it, he assumed the risk. If, however, after discovering the danger the scaffold immediately fell, and he did not, by the use of ordinary care, have time to protect himself from injury, he did not assume the risk. After discovering the immediate danger of the scaffold falling he could not wait for the carpenters to fix it unless in the exercise of ordinary care an ordinarily prudent man would have remained thereon. These were issues, under the evidence, that required the determination of the jury.

For errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*