### St. Louis Southwestern Railway Company of Texas v. J. W. Rea.

#### No. 1425.    Decided May 22, 1905.

**1.—Master and Servant—Assumed Risk—Contributory Negligence.**

The defenses of assumed risk and of contributory negligence are distinguishable though often arising out of the same facts and sometimes coextensive in their effects. Actual knowledge of conditions threatening danger, or such knowledge as would have been acquired by the servant in doing his own work with due care, though under no duty of inspection, prevents recovery only for injuries of which such danger was the sole proximate cause; while contributory negligence in disregarding a danger which was one of the proximate causes of injury, constitutes a defense, though negligence of defendant in other respects contributed as proximate cause of such injury. (Pp. 61, 62.)

**2.—Same—Charge.**

Requested charge on assumed risk by a servant, in going between cars to inspect them while switching was going on when the brakes were not set, and in doing his work with due care he should have noticed this fact, such charge not implying a duty on his part to inspect for discovering said condition, nor relieving defendant from liability for injury to which his negligence in other respects proximately contributed, held correct and improperly refused. (Pp. 61, 62.)

**3.—Same.**

Charge considered and held not to cover the subject of assumed risk in its application to the particular facts so fully as to justify the refusal of a specific requested instruction properly framed. (P. 62.)

**4.—Same.**

Requested charges on contributory negligence criticised because not requiring that the negligence referred to should have proximately contributed to the injury. (P. 62.)

**5.—Charge—Assuming Existence of Duty.**

Charge on the subject of master's negligence because of failure of foreman to warn a car inspector while between the cars, of the approach of an engine with another car to be coupled to them, held not subject to the criticism that it assumed that it was the duty of the foreman to give such warning. (Pp. 62, 63.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County.

Rea sued the railway company for injuries to the person, and recovered a judgment which was affirmed on appeal by defendant. The company then obtained writ of error from the Supreme Court.

*E. B. Perkins and Head, Dillard & Head,* for plaintiff in error.— The evidence shows, or tends to show, that plaintiff knew, or in the exercise of ordinary care in doing his work would have known that the brake shoe was not set. Therefore he assumed the risk of working with the cars in this condition and the charge was error in that it per-

mitted him to recover notwithstanding this knowledge, and excluded the defense of the assumption of the risk by him, because of such knowledge. Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Bonnet v. Railway Co., 89 Texas, 72; Hopkins Bridge Co. v. Burnett, 85 Texas, 21; Missouri, K. & T. Ry. Co. v. Wood, 35 S. W. Rep., 879; Texas, M. Ry. Co. v. Taylor, 44 S. W. Rep., 892; Bookrum v. Railway Co., 57 S. W. Rep., 919; Houston Electric Co. v. Robinson, 76 S. W. Rep., 209.

The evidence raised the issue to which the requested charges were directed and the main charge covering it only in general terms, if at all, it was error to refuse a correct special charge specifically covering the issue.

The charge was on the weight of the evidence and erroneous in that it assumed if Doty had before notified plaintiff of any danger when he was between the cars, it became Doty's duty to notify him again and it made defendant absolutely liable because of Doty's failure to notify plaintiff of the approach of any cars that were likely to strike his train, although the evidence raised the issue that no such duty rested upon Doty, but that plaintiff himself assumed the risk of there being no one present to watch.

The charge was on the weight of the evidence in that it assumed that plaintiff had the right to rely on Doty's keeping watch for him.

*Randell & Wood*, for defendant in error.—As to the sufficiency of the charge and special charges of assumed risk: Texas & P. Ry. Co. v. Eberheart, 91 Texas, 323; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 350; Lawrence v. Ry., 25 Texas Civ. App., 293; Galveston, H. & S. A. Ry. Co. v. Smith, 24 Texas Civ. App., 130; Texas & P. Dy. Co. v. Archibald, 170 U. S., 671.

As to the special charge not embracing a correct proposition of law: Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 166; Hardy v. DeLeon, 5 Texas, 238; Wells v. Barnett, 7 Texas, 588; Brownson v. Scanlan, 59 Texas, 228; Rosenthal v. Middlebrook, 63 Texas, 339; Missouri P. Ry. Co. v. Cullers, 81 Texas, 394.

That the charge was not on the weight of evidence: Gulf, C. & S. F. Ry. Co. v. Morgan, 26 Texas Civ. App., 378; Galveston, H. & S. A. Ry. Co. v. Lynch, 22 Texas, Civ. App., 339; Texas & P. Ry. Co. v. Hardin, 62 Texas, 374.

That the whole charge must be construed together: Texas & P. Ry. Co. v. Chapman, 57 Texas, 81; International G. N. Ry. Co. v. Stewart, 57 Texas, 170; Austin & N. W. Ry. Co. v. Anderson, 79 Texas, 434.

Upon what evidence was the trial court authorized to have submitted the charge to the jury as to whether or not plaintiff knew at the time he was injured that the brakes were not set, and therefore assumed the risk? There is positively no evidence that plaintiff knew that they were not set, or that he must have necessarily known so by virtue of his employment, further than the general custom of doing the work, and assumed risk in reference to general custom was fully submitted by the trial court. In other words, there is no affirmative testimony in the record to the effect that plaintiff knew, or must necessarily have known, that the brakes were not set at the particular time that he went between the cars. Then it is the evidence with reference to the general custom

of making up trains alone on which defendant relies for proof as to the setting of the brakes.

WILLIAMS, ASSOCIATE JUSTICE.—The defendant in error, a car inspector in the service of plaintiff in error, was between the tender and a car of a passenger train being made up, when other employes, by means of an engine, ran another car against those in his rear and inflicted the injuries for which he recovered the judgment before us. The alleged acts of negligence upon which he based his action were (1) the propelling of the car with such force against the rear of the train; (2) the failure to have the brakes set upon the standing cars; and (3) the failure of his foreman, who was a vice principal of the company and was present superintending the work, to give him notice, according to his alleged custom and duty, of the approach of the moving engine and car. These three grounds were submitted as bases of recovery by the charge of the trial court, and the questions before us relate to the giving and refusal of instructions. The evidence as to the customary methods of doing the work of making up such trains conflicted, that for plaintiff tending to show that his work of inspecting the cars and adjusting the coupling chains was expected to be done while the switching necessary in taking cars from and adding them to the train was going on; and that, as precautions for his safety, the brakes were to be firmly set upon the standing cars so as to prevent them from moving, and the foreman was to keep watch while he was between the cars and warn him of the approach of the switch engine; and that of defendant tended to show that the brakes were not to be set, and that inspectors were not expected to go between the cars until the switching had been finished. There was some evidence tending to show that the brakes were not set on the stationary cars at the time plaintiff was hurt. With reference to this, one of the positions of the defense was that plaintiff, before entering between the cars, knew, or, with his opportunities, ought to have known it by the exercise of ordinary care in doing his own work. The plaintiff himself stated that he had inspected the cars from each side and that his inspection included the brake shoes to ascertain if any of them were broken and if they hung so that, when set, they would properly rub the wheels; that he could determine this by merely looking at them and seeing how far they hung from the wheels. He stated, however, that he did not examine them for the purpose of seeing and did not know when he went in whether or not they were set. The court upon this point in the case charged as follows:

"Or, if you believe from the evidence that plaintiff while in the employment of defendant, in the exercise of his duties under such employment, was engaged in inspecting a train of defendant at Texarkana, Texas, on the 20th day of January, 1901, and securing and adjusting the couplings and coupling attachments thereof, and if you believe that the defendant, in the exercise of ordinary care for the safety of plaintiff and its other employes engaged in work of the same nature, should have set or caused to be set the brakes on each and every car thereof before attaching any other car thereto while making up said train, and that defendant failed to set said brakes or have the same set in this manner, and by reason of such failure plaintiff was injured; and if you

further believe from the evidence that it was usual and customary to set said brakes in making up defendant's passenger trains at said time and place, and you further believe defendant was guilty of negligence in not setting said brakes, as negligence is hereinbefore explained to you; and you further believe from the evidence that plaintiff was exercising such care for his own safety as a man of ordinary prudence would have exercised under like circumstances; then in either of these events you will find for the plaintiff, unless you should find for the defendant under succeeding instruction."

The defendant requested the following special charges:

"If you believe from the evidence that the brake shoes were not set on the train at the time plaintiff was injured, and you further believe from the evidence that plaintiff knew this, or in the exercise of ordinary care in doing his work would necessarily have acquired such knowledge and that this was the sole proximate cause of his injury, you will return a verdict for defendant." "If you believe from the evidence that the brake shoes were not set and that plaintiff knew this, or in the exercise of ordinary care in doing his work would necessarily have acquired such knowledge, and yet with the brake shoes so unset, he went in between the engine and the car next to it and thereby was guilty of negligence contributing to bring about his injury, you will return a verdict for defendant, although you may believe it to have been guilty of negligence in one or more particulars and although you may believe its negligence to have been greater than the negligence of plaintiff." "If you believe from the evidence that when plaintiff went between the engine and car next to it, the brake shoes were not set, and if you further believe from the evidence that plaintiff did not know this, but in failing to learn it was guilty of negligence contributing to bring about his injury, you will return a verdict for defendant irrespective of whether you believe defendant to have been negligent or not."

We are of the opinion that all of these instructions were applicable to views the jury might have taken of the evidence and that the first ought to have been given. It expresses the doctrine of assumed risk applicable to the facts supposed in it. It does not charge the plaintiff with the duty of making an inspection to see whether or not other servants representing the master had done their duty, but merely states the effect of knowledge which he acquired, or which he would necessarily have acquired in doing his own work in the exercise of ordinary care. This is the correct rule, and the facts supposed in the charge, if found by the jury, would have amounted to an assumption of the risk resulting from the fact that the brake shoes were not set; and, if, as the charge further supposed, that fact was the "sole proximate cause of the injury" the plaintiff was not entitled to recover. Peck v. Peck, 12 Texas Ct. Rep., 784. This last requirement was properly stated in order to avoid defeating plaintiff if the proximate cause of his injury was found to have been negligence in some or all of the other particulars alleged. The other requested charges relate to the defense of contributory negligence. This defense and that of assumed risk are not legally equivalent, although they often arise out of the same facts, and are sometimes, but not always, co-extensive in their effect upon the merits of given cases. That they are not the same in their qualities or extent is well illustrated

by these charges, all applicable to the facts of the case. Knowledge that the brake shoes were not set would give rise to an assumption of the risk arising from that fact alone, and this would not necessarily defeat a recovery for injuries caused by other negligence on part of the defendant the risks of which were not assumed; but if such knowledge as plaintiff had or ought to have acquired, under the rule given in the charges, in the opinion of the jury, made it negligent on his part to undertake the work at all with the brakes unset, under the circumstances shown, and if this negligence proximately contributed to his injuries, although other negligence of defendant also contributed, there was no right of recovery. The charges correctly expressed this distinction, and, as they were directed to some of the very facts upon which this part of the defense rested they were not rendered improper by the fact that the instructions given covered in general terms the defense of assumed risk and contributory negligence. Nor do we agree with the Court of Civil Appeals that the other special charge given by the court sufficiently covered the points to which these applied. That instruction had reference to the method in vogue of making up trains and to plaintiff's knowledge of such method. As appears from the statement above made, much of the evidence was addressed to the question as to the proper method of conducting this business, and the instruction given had reference to this, or would probably be so understood by the jury. At any rate upon proper request defendant had the right to have more specific instructions given where they related to a matter so prominent in the case as that to which they referred.

But the two charges on contributory negligence were defective in that they did not require that the negligence referred to should have proximately contributed to an injury which may have resulted from negligence of defendant in other particulars, and those charges were properly refused because they were calculated to mislead the jury with respect to it. The first upon assumed risk should have been given.

The following special charge given at the request of plaintiff is assigned as error: "If you believe from the evidence that when plaintiff went between the express or baggage car and the locomotive tender to fasten a chain upon the coupling that his foreman Doty was standing near by him, and that it had been the custom of said Doty to notify plaintiff of any danger when between the cars under like circumstances, and that plaintiff believed that said Doty would notify him on this occasion of danger of moving trains or locomotives interfering with the cars upon which plaintiff was then and there at work, and relied on said Doty to so notify him, and you believe said Doty was guilty of negligence in not notifying him, and you further believe that such negligence was the proximate cause of plaintiff's injuries, and you further believe that plaintiff was not guilty of contributory negligence in going between said cars under the circumstances under which he did go between the same, as explained to you in the main charge, then you will find for plaintiff." The instruction requires that the jury find that Doty's failure to give notice to plaintiff was negligence, and therefore it can hardly be said of it that it assumes that such was Doty's duty. The failure to give the notice could not be negligence unless there was a duty to give it. The charge might well be more fully expressed to avoid

misunderstanding, and this may be said of some of those above quoted as requested by defendant. All of them were, we believe, accurate in their language with the exception above stated and any fuller explanation desired by the parties of the rules given could properly be had upon requests for further instructions. The fact that Doty had previously given notice might not necessarily make it his duty, as matter of law, to continue to do so, but the jury could find the duty as a fact from a variety of considerations, as from the established regulations of the business, or the methods of doing it, or the mere fact that Doty had previously so acted as to justify plaintiff in assuming that he would on this occasion keep watch and give notice, and that such notice would be essential to the exercise of ordinary care on Doty's part for plaintiff's safety. The charge only requires the finding of the duty by requiring a finding of negligence, but this is not positive error.

For the reason stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*