GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v.
T. C. HARRIS.

Decided January 8, 1908.

**1.—Master and Servant—Employment—False Statement.**

The fact that a servant obtains employment by making false statements to the master as to his personal record in the matter of suing railroads, will not relieve a master from the consequences of his negligence whereby the servant suffered personal injury.

**2.—Master and Servant—Assumed Risk—Charge.**

A charge on assumed risk to the effect that a servant does not assume the dangers which may be brought about by the negligence of the master, unless he knows of the negligence and the dangers arising therefrom, "or in the discharge of his duty must necessarily have acquired the knowledge," held correct. The distinction between the phrase "in the ordinary discharge of his duty," and "in the exercise of ordinary care in doing his work," held too refined to affect the verdict of an average jury.

**3.—Pleading—Negligence—Failure to Inspect.**

In a suit for personal injuries, an allegation by the plaintiff that "at said time the defendant knew or by reasonable care and inspection could have known of the, defective and wornout condition of said brake-chain or bolt and could have protected plaintiff from injuries," raised the issue of negligence in the matter of inspection.

**4.—Master and Servant—Negligence—Prima Facie Case.**

In a suit for personal injuries, plaintiff makes a prima facie case by proving that while he was setting the brake on a car the chain broke, causing him to fall from the car; and the burden was on defendant to show that the accident was unavoidable, and that it had used care to furnish reasonably safe appliances for plaintiff.

**5.—Personal Injuries—Extent—Testimony.**

It belongs to the province of a jury to determine between the positive testimony of the plaintiff in a case as to the extent of his injuries, and the testimony of medical experts as to the probable effects of given injuries, and its determination will not be revised by an appellate court.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Baker, Botts, Parker & Garwood* and *Beall & Kemp,* for appellant. —The relation of master and servant arises out of contract between the master on the one hand, and the servant on the other, and in order to create reciprocal duties, there must be mutuality, and absence of fraud at its inception. San Antonio & A. P. Ry. Co. v. Wilson, 4 App. Civ. Cases, 570; Woods' Law Master & Servant, 2d ed., sec. 4, and note 1; 2 Kent's Com., *258.

Fraud vitiates and avoids any transaction tainted by it, and if, as alleged by defendant in its plea, the plaintiff, by misrepresentation of a material fact, practiced a fraud and induced defendant to employ him, defendant would not owe him the usual and ordinary duties and obligations of a master, and would not be liable in this case. Buchanan v. Bilger, 64 Texas, 593; Elser v. Graber, 69 Texas, 226; 14 Am. & Eng. Enc. Law, p. 60, sec. 2, subdiv. B; 2 Labatt

Master & Servant, sec. 629; Werner v. Trautwein, 61 S. W. Rep., 449; Mayton v. T. & P. R. R. Co., 63 Texas, 78.

The fraud committed by appellee in procuring employment was not "immaterial and irrelevant." The effect of it was to authorize the superintendent, or other agent of appellant whose duty it was to employ brakemen, to enter into a contract of employment which was against appellant's rules and unauthorized. 2 Labatt Master & Servant, sec. 630; Sparks v. E. T.. V. & G. Ry., 82 Ga., 156; 8 S. E. Rep., 424.

The servant's assumption of risk is not limited to such dangers, risks and defects as he must necessarily have actually known, but also includes such as he would necessarily have acquired the knowledge of, if he had exercised ordinary care in doing his work. St. Louis S. W. Ry. Co. of Texas v. Rea, 99 Texas, 58; Price v. Consumers Cotton Oil Co., 41 Texas Civ. App., 47; Hightower v. Gray, 36 Texas Civ. App., 674.

There is no presumption of negligence from the mere happening of an accident resulting in personal injury. Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 161; Choate v. S. A. & A. P. Ry. Co., 90 Texas, 86; Trinity Lumber Co. v. Denham, 85 Texas, 56; Broadway v. San Antonio Gas Co., 24 Texas Civ. App., 604; Chicago & N. W. Ry. Co. v. O'Brien, 132 Fed. Rep., 593.

The evidence showed that the company furnished inspectors, but there was no allegation in the plaintiff's petition that they were wanting in care, and in the absence of allegation or evidence to the contrary it should be presumed that they did their duty, and that an ordinarily careful inspection would not have revealed the defect in the chain. Texas & P. Ry. Co. v. Overall, 82 Texas, 248, 249.

*Sam B. Gillett* and *D. W. Burkhalter*, for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee obtained a verdict for damages in the sum of $3500, which accrued from personal injuries inflicted on him, $500 of which was remitted at the instance of the trial court. Appellant pleaded, in answer to the petition, contributory negligence, assumed risk, latent defects which appellant could not discover by adequate inspection, and fraud of misrepresentation on the part of appellee in procuring his employment.

We conclude that appellant was guilty of negligence in using a car upon which the brake was so defective that appellee, an employe who sought to use it, broke the chain or bolt and he was thrown down with such force as to injure him seriously and permanently. Even after the yardmaster had been informed of the broken chain, he took no steps whatever to have it repaired.

The court sustained an exception to that part of appellant's answer as follows:

"Still further answering, the defendant says that when the plaintiff entered its service, he did so upon a written application signed by him, and delivered to the defendant, in which he was asked, as a condition precedent and requisite to his employment, to answer certain questions, one of which questions is the following:

" '12. Have you now, or did you ever have, any litigation with any railroad company?' To which question the plaintiff replied, in writing: 'No.'

"Another of which questions is the following: 'If so, what company?' To which question he answered, in writing: 'None.'

"And the defendant says that the said questions were propounded to the plaintiff in an instrument entitled 'Personal Record,' and he swore to the truth of his answers before a notary public of El Paso County, Texas, on the 7th day of August, 1906.

"Defendant further says that the plaintiff, in answering said questions, hereinabove quoted, did not answer them truthfully, and that he thereby deceived the defendant; that in truth and in fact, the plaintiff did have, previous to the date on which he made said answer, litigation with another railroad company; that during or about the year 1899, he, as plaintiff, instituted a suit against the Missouri, Kansas & Texas Railway Company of Texas, in the County Court of Harris County, Texas, numbered No. 4859, and afterward, as plaintiff, instituted another suit against the same defendant in the District Court of said Harris County, Texas, numbered 25,553, both of said suits being for alleged personal injuries, which suits were settled and compromised by the payment to plaintiff of about four hundred dollars ($400), besides the costs; and the defendant says that if the plaintiff had answered said questions truthfully, he would have disclosed the fact that he had previously had the above mentioned litigation with the above mentioned railroad company, and that, in falsely answering said questions he deceived the defendant and practiced a fraud upon it in procuring his employment, and the defendant owed him no duty, and he assumed all the dangers and accidents incident to his work, and is not entitled to recover, and this the defendant is ready to verify."

The first assignment of error is based on that action of the court, but must be overruled by this court. Appellee was the servant of appellant, no matter if he did obtain his position by reason of falsely stating that he had never had any litigation with any railway company. That falsehood did not of itself destroy the contract of employment and exempt appellant from any liability for its negligence towards him. It may have formed a just reason for the rescission of the contract of employment, but did not render his employment null and void. The relation of master and servant was established, and could not be rendered invalid in order to shield the master from the consequences of its negligence. There is no direct allegation in the answer that appellant would not have employed appellee had it known of the previous litigation, and, if there had been any merit in the plea otherwise, it was defective in that respect. The falsity of that answer had no connection with the disaster.

No doubt appellant had the right to propound any questions it saw fit to appellee, when he applied for employment, and it may be that it was the part of discretion to ascertain whether appellee had been in the habit of suing the railways for which he worked, for damages, because it would not desire a litigious employe, still

if it accepted his assertions without further inquiry and employed him, he was an employe and entitled to the protection of the law as such. To have affected its liability, some connection between the injury and the false statements must have appeared.

All evidence on the question of falsity of the answers to the questions propounded preliminary to appellee's employment was permitted by the court, and appellant had full benefit of it as tending to impeach appellee's testimony in this case, by not only showing that he made claims several times before against railroads for personal injuries, but also by showing that he had sworn falsely in answer to the questions before employment. That was all the testimony was good for.

The charge of the court, complained of in the second assignment of error, is correct. As stated by the charge, a servant does not assume the dangers which may be brought about by the negligence of the master, unless he knows of the negligence and the dangers arising therefrom, "or in the discharge of his duty, must necessarily have acquired the knowledge." The complaint with the charge seems to be in the use of the words "in the ordinary discharge of his duty," instead of "in the exercise of ordinary care in doing his work." The distinction is too delicate and refined to have ever affected the verdict of an average jury. Because the Supreme Court, in St. Louis S. W. Ry. v. Rea, 99 Texas, 58, may have used the words desired by appellant and commended a charge using them, does not militate against the propriety of the language used by the court in this case. While we see little difference in the thought conveyed by the language used in the case cited and that used by the court, yet, if there is a difference, the case of Missouri, K. & T. Ry. v. Hannig, 91 Texas, 351, seems to sustain the language of the trial court, because in that case it is said that the servant may rely upon the assumption that the appliances furnished by the master are reasonably safe and "he is not required to use ordinary care to see whether this has been done or not." That proposition has often been approved since and never questioned. It will be noted that in the Rea case the ordinary care is confined to doing the work of the master, and that is fully covered by the "ordinary discharge of his duty."

The third assignment of error assails an instruction of the court which directed a verdict for appellant if it was found that an inspector, by the exercise of ordinary care, "could not or would not have discovered the defective condition" of the bolt, on the ground that the pleadings did not charge appellant with negligence in failing to provide a competent inspector. It is alleged in the petition "that at said time the defendant knew, or by reasonable care and inspection could have known, of said defective and worn-out condition of said brake-chain or bolt and could have protected plaintiff from injuries." That clearly raises the issue of inspection.

The court did not err in refusing the charge asked by appellant, the rejection of which is complained of in the fourth assignment of error, because the falsity of answers by appellee, about litigation

with railroads, did not relieve appellant of the consequences of its negligence. Appellee swore that he did not know that suit was instituted by his attorneys against other roads, and that statement was not contradicted.

Not only was it proved that the accident occurred, but the cause was shown, and a charge to the effect that proof of the mere happening of the accident did not entitle appellee to recover, had no place in the case. Appellee proved that he was setting the brakes on a car when the chain broke, causing him to fall from the car. That made a *prima facie* case, and appellant had the burden of showing that the accident was unavoidable, and that it had used care to furnish reasonably safe appliances for appellee. McCray v. G., H. & S. A. Ry., 89 Texas, 168.

Our conclusions of fact dispose of the sixth assignment of error, which claims that the facts were insufficient to sustain the verdict. Had ordinary care been exercised by appellant in its inspection of the car, the fact that the bolt that fastened the chain to the brake rod was worn to the extent of one-half or two-thirds of it and so weakened that it could not withstand the turning of the wheel on top to set the brake, would have been ascertained. The proper inspection of it would have revealed the defect.

To uphold the seventh assignment, which states that the injuries of appellant were slight and temporary, this court would be compelled to hold that the jury should have rejected not only the evidence of appellee, but that of a physician.. It was the peculiar province of the jury to weigh the evidence and pass on the credibility of the witnesses. Appellee swore positively to impotency having been produced by the injuries he received by his fall from the car, and we can not arbitrarily hold that the theorizing of two medical gentlemen as to what might or might not happen from an injury, should be credited by the jury in preference to the positive testimony of a witness, even though he be the plaintiff in the case. We can not, therefore, hold that the judgment is excessive. The judgment is affirmed.

*Affirmed.*

Writ of error refused.