ALAMO OIL & REFINING CO. v. RICHARDS. (No. 5341.)†

(Court of Civil Appeals of Texas. San Antonio. Nov. 18, 1914. Rehearing Denied Jan. 6, 1915.)

1. MASTER AND SERVANT (§ 219*)—DEFECTIVE INSTRUMENTALITIES — INSPECTION — DUTY OF EMPLOYÉ.

While an employé assumes the risks of using a defective instrumentality, when the defect is obvious and apparent, he need not seek for concealed defects or dangers not disclosed by a superficial observation.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 610–624; Dec. Dig. § 219.*]

2. MASTER AND SERVANT (§ 208*)—INJURY TO SERVANT—DEFECTIVE APPLIANCES—ASSUMPTION OF RISK.

Where the defect in a ladder furnished an employé consisted in the use of nails which were too small, in fastening on the steps, which defect could not have been discovered without a rigid inspection, the employé did not assume the risk of injury therefrom.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 551; Dec. Dig. § 208.*]

3. MASTER AND SERVANT (§ 217*)—INJURY TO SERVANT—DEFECTIVE INSTRUMENTALITY—ASSUMPTION OF RISK—KNOWLEDGE.

A servant, injured from a defective instrumentality furnished by the master, does not assume the risk unless at the very time of his injury he knew, or in the ordinary discharge of his duties must necessarily have acquired knowledge, of the defect.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

4. APPEAL AND ERROR (§ 1066*)—HARMLESS ERROR—INSTRUCTIONS—ASSUMED RISK.

Where, in an employé's action for injuries, there was no evidence to raise the issue of assumed risk, the charge thereon could not have been prejudicial to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

5. MASTER AND SERVANT (§ 219*)—EMPLOYMENT CONTRACT—DEFECTIVE INSTRUMENTALITIES—DUTY TO INSPECT.

That the employment contract bound the employé "to examine all other places, ways, works and machinery" did not require him to make such an inspection of a ladder provided for his use as would have disclosed hidden structural defects therein.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 610–624; Dec. Dig. § 219.*]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Action by S. J. Richards against the Alamo Oil & Refining Company. From a judgment for plaintiff, defendant appeals. Affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes
† Writ of error pending in Supreme Court.

C. L. McCartney, of Brownwood, Terrell, Walthall & Terrell, of San Antonio, for appellant. P. H. Shook and John Sehorn, both of San Antonio, for appellee.

FLY, C. J. Appellee sued appellant to recover damages arising from injuries inflicted on him by the giving way of the round or step of a ladder furnished him by appellant. The latter pleaded assumed risk and contributory negligence on the part of appellee. A trial by jury resulted in a verdict and judgment for appellee in the sum of $10,000.

Appellee, while in discharge of his duties as an employe of appellant, was descending a ladder furnished by appellant, and one of the rungs or rounds of the ladder came loose at one end and precipitated appellee to the floor of the room, in which he was working, and seriously and permanently injured him. No complaint is made of the size of the verdict.

[1] Ordinarily the servant is not charged with the duty of inspection or inquiry. It is the general rule that the servant is under no obligation to inspect the instrumentalities provided by the master to discover concealed defects or dangers not disclosed by a superficial observation. He can assume that the instrumentalities furnished him by his master are not defective, but suitable for the purposes for which they were furnished. He is not called upon to seek for and discover hidden defects, but may be held to have assumed the risk of using a defective tool, implement, or instrumentality, when the defect is obvious and apparent. As said in Railway v. Hannig, 91 Tex. 347, 43 S. W. 508:

"We understand the law to be that when the servant enters the employment of the master he has the right to rely upon the assumption that the machinery, tools, and appliances with which he is called upon to work are reasonably safe, and that the business is conducted in a reasonably safe manner. He is not required to use ordinary care to see whether this has been done or not. He does not assume the risks arising from the failure of the master to do his duty, unless he knows of the failure and the attendant risks, or in the ordinary discharge of his own duty must necessarily have acquired the knowledge."

See, also, Railway v. Harris, 48 Tex. Civ. App. 434, 107 S. W. 108; Railway v. Schuler, 46 Tex. Civ. App. 356, 102 S. W. 783. In the last case cited a defective pinch bar, a very simple tool, was used, and Associate Justice Neill, for this court, held:

"The plaintiff had the right to assume when the bar was handed him by his foreman for immediate use that the defendant had discharged its duty in exercising ordinary care to furnish him a reasonably safe instrument with which to do the work he was directed to do. And, acting upon such assumption, it was not incumbent on him to make an inspection of the bar; and, unless he knew of the defect, or it was of such a nature as to charge him with such knowledge as a matter of law, and with the danger incident to his use of it in doing the work in hand, it cannot be said, as a matter of law, that he assumed the risk of using it, or was guilty of contributory negligence."

[2] It is the rule that where a tool or implement is so simple that inspection is not necessary and any man of ordinary intelligence can see the defects, if any, in it, the servant will be charged with an assumption of the risk arising from its use. This rule will not apply where the defect is not obvious, but is a latent or concealed defect so far as the servant is concerned. In this case the evidence showed that the step or round of the ladder gave way because the nails used by appellant in constructing the ladder were not large enough for the purpose for which they were used. Appellant knew the kind of nails it used in fastening the steps on the sides of the ladder, and was charged with the knowledge that the nails were too small. The defect in construction was concealed from appellee, and he had the right to assume that appellant had used nails of a size requisite and sufficient to securely fasten the steps. It has been held in Missouri and Tennessee that a ladder under certain circumstances was a tool so simple that the master would not be liable, as the defects were obvious to the servant. Blundell v. Mfg. Co., 189 Mo. 552, 88 S. W. 103; Sivley v. Nixon Drill Co., 128 Tenn. 675, 164 S. W. 772, 51 L. R. A. (N. S.) 337. In each of those cases the accidents occurred by the ladder slipping on account of not having spikes on the end to hold it and keep it from slipping. But it cannot be held with reason that a ladder, made by the master, with defects not obvious to the servant, but which are concealed from him, is such a simple tool as to shield the master from liability on the ground of assumed risk. In assumed risk there must be knowledge, express or implied, on the part of the servant. There could be no assumed risk unless the defect in the ladder was so apparent or obvious as to charge appellee with knowledge. The defect in this case was the smallness of the nails, and appellee could not have discovered such state of affairs without a rigid inspection. He was not charged with the duty of inspection, however, nor even the exercise of ordinary care. The ladder was comparatively new, and the accident occurred, not by reason of its getting out of order, but grew out of its defective construction, of which appellee had no knowledge, and which he could not have obtained without drawing the nails and measuring them. If the rounds or steps of the ladder had been loose, appellee could have seen that at a glance, but they were not loose, but had the appearance of being securely fastened.

In this state it has never been held that a ladder is such an instrumentality that the duty of inspection, as a matter of law, does not rest upon the master, but in the case of Cement Co. v. McBrayer, 140 S. W. 388, it was held, where a ladder broke and precipitated the appellee to the floor, that a question of fact arose to be determined by a jury.

But the question of inspection does not arise, but it is a case of a ladder constructed by appellant in a defective manner, and which defects were hidden from appellee, and which defects in construction caused the accident. Having made the ladder, appellant knew that it was improperly constructed, and no inspection would have given it any more knowledge. The defect was in construction. The first, second, third, and fourth assignments of error are overruled.

[3] The charge complained of in the fifth assignment is in the very language of decisions of the Courts of Civil Appeals and Supreme Court in several cases. Bonnet v. Railway, 89 Tex. 72, 33 S. W. 334; Railway v. Rea, 99 Tex. 58, 87 S. W. 324; Railway v. Hodnett (Sup.) 163 S. W. 13; Railway v. Adams, 121 S. W. 876; Railway v. Harris, 48 Tex. Civ. App. 434, 107 S. W. 108. In each of those cases it was held that where a servant is injured on account of a defective instrumentality furnished by the master, he did not assume the risk of the defect unless at the very time he was injured he knew, or in the ordinary discharge of his duties must necessarily have acquired knowledge, of the defect. The effect of the rule was that there must be knowledge upon the part of the servant, which might be expressly proved, or which might be proved by the circumstances. The rule would have been clearer if it had merely required knowledge without any reference as to how it might be proved. The decisions cited hold further that the matter of assumed risk cannot be measured or tested by the ordinary care of the servant, because the servant is not required to exercise ordinary care to detect defects in instrumentalities furnished by the master. This the writer of this opinion believes to be the true rule.

However, there are other opinions of the Supreme Court in direct conflict with the decisions cited, which hold the assumed risk of the servant must be tested by the exercise of ordinary care, one of them in the same volume of reports in which the cited case of Railway v. Rea appears, both opinions being written by the same judge. Peck v. Peck, 99 Tex. 10, 87 S. W. 248; Railway v. Hynson, 101 Tex. 543, 109 S. W. 929; Adams v. Railway Co., 101 Tex. 5, 102 S. W. 906, and others. The last enunciation of the Supreme Court, in the cited case of Railway v. Hodnett, has gone back to the rule announced in Railway v. Hannig.

[4] It is unnecessary in this case to choose between the conflicting cases, because there was no evidence whatever to raise the issue of assumed risk, and the charge on that subject could not have injured appellant. Appellee did not have to inspect the ladder, but that duty devolved upon the master. An ordinary inspection would not have disclosed the structural defect in the ladder.

The special instruction, the rejection of which is complained of in the seventh assignment of error, was properly refused, if for no other reason, because there was no evidence to sustain it. All of the testimony tended to show that the defect in the ladder was one of construction, and was concealed from appellee. He did not have equal facilities with the maker of the ladder to know its structural defects. The defects in the ladder were not open and patent and as obvious to the servant as to the master, as in the cases cited by appellant.

The question of latent defects, in so far as appellant was concerned, was not raised by the evidence. Appellant made the ladder, and must have known that the nails used in its construction were too small for safety, and the court very properly refused to inject any such issue into the case, as was sought to be done by appellant in the special charge, the refusal of which is complained of in the eighth assignment of error. Outwardly the ladder presented the appearance of safety to any one not acquainted with its construction.

[5] There is no merit in the ninth assignment of error. There was no effort to impeach appellee's written contract with appellant. He merely stated that he did not read the contract, but that its contents were explained to him. Even if the contract, which bound appellee "to examine all other places, ways, works and machinery," was valid and could be applied to ladders and other tools, a full inspection of the ladder would not have disclosed its structural defects. It is clear that the language of the contract had no reference, however, to ladders in which there were hidden structural defects. This contract could have no greater force than a rule of the employer assented to by the employé, and could not shift the whole duty of inspection owed by the employer to the employé. Bookrum v. Railway, 57 S. W. 919; Railway v. Lindsey, 27 Tex. Civ. App. 316, 65 S. W. 668. It would be an absurdity to hold that the servant could be held by a contract to discover latent defects in instrumentalities made and furnished by the master. That was the effect of the special charge, set out in the twelfth assignment of error.

The special charge set out in the thirteenth assignment of error is argumentative, on the weight of the evidence, and disregardful of the fact that appellant constructed the ladder and was charged with the knowledge that it was not "reasonably safe and sufficient to be used by persons ascending and descending same." The charge is also incorrect in that it made the liability of appellant depend on the fact that it may have regarded the ladder safe.

Every issue made by pleadings and evidence was presented in an admirable charge by the trial judge to the jury, which found appellant liable under facts sustaining such liability, and the judgment based on the verdict will be affirmed.

Affirmed.