## SAN ANTONIO BREWING ASS'N v. GERLACH. (No. 5635.)*

(Court of Civil Appeals of Texas. San Antonio. March 22, 1916. Rehearing Denied April 19, 1916.)

1. MASTER AND SERVANT ☜235(7)—APPLIANCES FOR WORK—INSPECTION.

The driver of a beer wagon, who was told to take out a loaded wagon which he had never driven before, was not required to inspect the wagon, as it would have been impossible for him to have performed the duty of inspection under the circumstances, and as the defect in the axle which broke, causing his injury, could not have been discovered by ordinary means, but would have required a close inspection.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 714; Dec. Dig. ☜235(7).]

2. MASTER AND SERVANT ☜219(5)—ASSUMPTION OF RISK—SIMPLE TOOLS—WAGON.

The simple-tool doctrine applies to instruments that are generally used manually by the servant, and the nonliability of the master is placed on the presumption that any defect must be obvious to the servant, and any risk of danger must be held to have been assumed by him, and does not apply where the defect is not obvious, but is a latent or concealed defect so far as the servant is concerned; and a loaded beer wagon, which was ordered to be driven by a servant who had never driven it before, and whose duties toward it were not such as would necessarily have charged him with the knowledge of a defect in an axle, not discoverable by ordinary means, could not be held to be within the simple-tool doctrine.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 614; Dec. Dig. ☜219(5).]

3. TRIAL ☜252(11)—ACTION FOR INJURY—INSTRUCTION—ASSUMPTION OF RISK.

Where there was no testimony in a servant's action for injury raising the question of assumed risk, the court properly refused a special charge thereon.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 603; Dec. Dig. ☜252(11).]

4. MASTER AND SERVANT ☜217(13)—ASSUMPTION OF RISK.

The question of assumption of risk could only have arisen under a state of facts tending to show that the duties of the driver of a beer wagon were such as would necessarily have charged him with knowledge of a defect in an axle which broke resulting in his injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 584; Dec. Dig. ☜217(13).]

5. MASTER AND SERVANT ☜217(3)—ACTION FOR INJURY—ASSUMPTION OF RISK.

In a servant's action for injury from the breaking of the axle of a beer wagon which he was driving, the defendant's abstract proposition, that where a servant has equal facilities with the master of ascertaining the danger incident to the work in which he is engaged, he assumes the risk, could not profit defendant, where there were no facts making it a concrete proposition.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 576; Dec. Dig. ☜217(3).]

6. MASTER AND SERVANT ☜209(1)—INJURY TO SERVANT—TOOLS AND APPLIANCES—ASSUMPTION OF RISK.

Plaintiff, employed as the driver of a beer wagon and ordered to take out a loaded wagon which he had never driven did not assume the risk of injury from the breaking of the axle, as it was not incident to his employment as a driver, and as, if defendant had performed its duty, the worn axle, of which plaintiff had no knowledge, would not have been on the wagon.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 552; Dec. Dig. ☜209(1).]

7. DAMAGES ☜132(6)—PERSONAL INJURY—INJURY TO LEG.

A verdict of $12,500 awarded to the driver of a beer wagon, 28 years of age, earning from $17 to $20 a week, who suffered a common fracture of his leg above the ankle and was in the hospital for nine months, where several operations were performed, and whose ankle was sore and stiff, and whose leg was shorter than the other, who had been confined to his bed for five months, suffering intense pain, and who would never be able to perform such labor again, in the absence of passion or prejudice, was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 377; Dec. Dig. ☜132(6).]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Action by Otto Gerlach against the San Antonio Brewing Association. Judgment for plaintiff, and defendant appeals. Affirmed.

Terrell, Walthall & Terrell and Newton & Newton, all of San Antonio, for appellant. Arnold, Cozby & Peyton, of San Antonio, for appellee.

FLY, C. J. Appellee, an employé of appellant, instituted this suit to recover damages arising from injuries inflicted on him by the breaking of an axle of a beer wagon that he was driving in pursuance of his duties as servant of appellant. It was alleged that the axle was defective, which was known, or would have been known by the exercise of ordinary care, to appellant, and said defect caused it to break and throw appellee from the wagon and break his leg. Appellant denied liability, and pleaded that the defect was latent and could not be discovered by the exercise of ordinary care, and that appellee was guilty of contributory negligence and had assumed the risk. The cause was tried by jury, and resulted in a verdict and judgment in favor of appellee for $12,500.

The evidence showed that appellee was

a driver of a beer wagon in the employment of appellant; that he had a wagon which he regularly drove, but on the morning of the accident, when he reached the brewery, he was told to take a wagon loaded with beer and drive it to a certain place in the city of San Antonio; that he had never driven that wagon before, but in compliance with his orders he took the wagon and started to its destination; that, when he was at or near the corner of La Salle and Lafitte streets, the rear axle broke and precipitated him to the ground, breaking his leg and seriously and permanently injuring him. There was a defect in the axle which could have been detected by an inspection, and the defect caused the accident. Appellee was not guilty of contributory negligence.

[1-3] The first assignment of error complains of the refusal of the court to give a certain special charge requested by it, which informed the jury that it was not the duty of the master to inspect machinery or implements, when they are of such a nature that a man of ordinary prudence would not inspect them as a precaution against injury to the servant; and that an inspection of common tools and implements is not required when placed in the custody of a servant who has the capacity to understand them; and submitted to the jury the determination of whether a wagon was a common implement which appellee had the capacity to understand. The charge was properly rejected.

The duty of inspection did not devolve upon appellee, and it would, if the duty of inspection had devolved upon appellee, have been impossible for him to have performed the duty of inspection. The evidence of appellant showed conclusively that appellee was under no obligation to inspect the wagon. If it had been the duty of appellee to take the wheels off the wagon and oil the spindles, it perhaps might be considered that he should have discovered any defect therein; but he had never used the wagon, and could not have possibly discovered the defect under the circumstances. He was ordered to take the loaded wagon and deliver the beer thereon.

The simple-tool doctrine applies to instruments that are generally used manually by the servant, and the nonliability of the master is placed upon the presumption that any defect must be obvious to the servant and any risk of danger must be held to have been assumed by him. Railway v. Lempe, 59 Tex. 22; Railway v. French, 86 Tex. 96, 23 S. W. 642; Railway v. Hannig, 91 Tex. 347, 43 S. W. 508; Alamo Oil & Refining Co. v. Richards, 172 S. W. 159. Even in cases of tools, the servant, under certain circumstances, is not charged with the duty of inspection and the discovery of defects in the instrumentality furnished by the master, however simple such instrumentality might be. In the case of Railway v. Schuler, 46 Tex. Civ. App. 356, 102 S. W. 783, this court held the

servant had the right to assume when a pinch bar, as simple a tool as could be made, was handed him by his foreman for immediate use, that it was not his duty to inspect the bar. As said in the cited case of Alamo Oil & Refining Co. v. Richards:

"It is the rule that where a tool or implement is so simple that inspection is not necessary, and any man of ordinary intelligence can see the defects, if any in it, the servant will be charged with an assumption of the risk arising from its use. This rule will not apply where the defect is not obvious, but is a latent or concealed defect so far as the servant is concerned. * * * In assumed risk there must be knowledge, express or implied, on the part of the servant."

There was no testimony in this case that raised the question of assumed risk, and the court properly refused the special charge on that ground if there had been no other. The defect in the axle was one that appellee could not have discovered by ordinary means, but would have required a close inspection upon his part. Appellee may have thoroughly understood every part of the wagon, and yet under the facts and circumstances he could not possibly have known of the defect in the axle. Appellant claimed to have inspected the axle without finding the defect, and it would be asking too much of any servant to demand of him that he should by intuition know that an axle to a wagon, on which he was to ride and drive, without a moment's preparation, was defective.

Under the facts of this case, it would have been positive error to have submitted to a jury the question as to whether a wagon would come under the category of a simple tool.

[4] The question of assumed risk could only have arisen under a state of facts tending to show that the duties of the servant in regard to the wagon were such as would necessarily have charged him with knowledge of the defect in the axle of the wagon. No implement or instrumentality, with as many different parts as a wagon, can be held to be in the same class with a hammer, a hoe handle, a pick, a rope, or a shovel, and no finding of a jury could place it in that class. The charge was properly refused.

[5] The abstract proposition that, "where a servant has equal facilities with the master for ascertaining the danger incident to the work in which he is engaged, he assumes the risk," may be fully sustained; but it cannot profit appellant in this case, because there are no facts that make it a concrete proposition, pertinent and binding.

[6] The second assignment of error is overruled. Under the facts of this case appellee did not assume the risk of the axle of the wagon breaking. It was not incident to his employment as a driver. If appellant had performed its duty, the axle would not have been on the wagon, as the testimony offered by it showed that an axle on a beer wagon would not last more than 2½ years, and

the period of the usefulness of the axle in question had expired. Appellee had no knowledge of that fact, but appellant knew it.

[7] Appellee had a common fracture of his leg above the ankle, and was in the hospital for nine months. Six operations were performed on him, and sores have broken out on his leg ever since it was broken, caused, it was thought, by pieces of dead bone. Several pieces were taken out, but the sores still break out. The ankle is stiff and the leg shorter than the other leg. He was confined to his bed for about five months. His suffering was intense and he still suffers. His injuries are permanent, and he will never be able to perform such labor as he did before he was injured. One physician swore that the leg should be amputated, and that eventually appellee would lose his leg. Appellee was 28 years old when injured, and earning from $17 to $20 a week. There is no evidence of passion or prejudice on the part of the jury, and it cannot be held that the verdict is excessive.

The judgment is affirmed.