## MONTGOMERY v. FIRST STATE BANK OF HAPPY et al.    (No. 2938.)*

Court of Civil Appeals of Texas. Amarillo. Jan. 4, 1928.

Rehearing Denied Jan. 25, 1928.

1. **Appeal and error ⬡758(3)—No specific error is presented for review by abstract statement in brief.**

Abstract statement in brief presents no specific error for review on appeal.

2. **Pleading ⬡184—Supplemental answer which mentioned note not referred to in original answer as one of chain of notes, of which note sued on was renewal, held not to state different ground of recovery.**

Supplemental answer seeking recovery on $4,440 note alleged to have been given in renewal of $3,500 note, which in turn renewed note for $3,677, held, not to present new ground of recovery by virtue of fact that the origin of the note sued on was not fully traced in the original answer and cross-action and mention of the $3,677 note was there omitted.

3. **Bills and notes ⬡539—Findings that note was not given for accommodation, and was supported by consideration, supported holder's recovery.**

Findings that note was not given by defendant for accommodation, as alleged, and that it was supported by a consideration, supported judgment allowing recovery.

4. **Appeal and error ⬡192(1)—Allegations improper as against special exception are waived by failure to except at trial.**

Allegations in pleading which are improper and informal as against special exception are waived by failure to urge exceptions in trial court.

5. **Mortgages ⬡413—In suit to enjoin foreclosure, answer and supplemental answer held to support recovery on note.**

In suit to enjoin foreclosure, original answer alleging execution of $4,440 note sued on, in renewal of $3,500 note, including other items, which note in turn renewed a $5,000 note, and supplemental answer which alleged that the $3,500 note referred to was in renewal of a note for $3,677 held sufficient to entitle defendant to recover upon the $4,440 note sued on.

Appeal from District Court, Swisher County; Charles Clements, Judge.

Suit by A. W. Montgomery against the First State Bank of Happy and others, in which defendant named filed a cross-action. From the judgment plaintiff appeals. Affirmed.

D. Zimmermann, of Tulia, L. C. Penry, of Stamford, and Pearce & Triplett, of Lubbock, for appellant.

Turner, Culton & Gibson, of Amarillo, for appellees.

HALL, C. J. The appellant, Montgomery, filed this suit to enjoin the appellee bank from foreclosing a deed of trust on two certain town lots in Happy, claiming said property as his business homestead and denying that there existed any deed of trust under which the bank was claiming the right to foreclose. A temporary injunction was granted.

The bank filed its original answer and cross-action, claiming that the property was not the business homestead of appellant, and alleged that on October 8, 1921, Montgomery had executed a note to P. C. Taylor for $5,000, which was secured by deed of trust on said lots; that the note was thereafter indorsed by Taylor, and in due course of business became the property of the defendant bank; that on September 20, 1923, Montgomery executed to the bank a note in the sum of $3,500 in extension and renewal of the balance due on the said $5,000 P. C. Taylor note; that thereafter on June 26, 1925, Montgomery executed a note to the bank in the sum of $4,440 in part in extension and renewal of said $3,500 note, and which included other items smaller in amount. Other facts are alleged not necessary to be considered. The prayer is that the injunction be dissolved upon final hearing, and that the defendant bank have judgment against plaintiff in the sum of $5,549.72, with interest and costs of suit, that the deed of trust lien be foreclosed, the property ordered sold, etc.

In reply to this cross-action, Montgomery filed a supplemental petition, claiming that his indebtedness had been settled by a transaction through the bank with one J. C. Cox, whereby he had acquired some vendor's lien notes. He further alleged that the bank, knowing that he had attempted to borrow $5,000 from an Amarillo party, and in order to do so had executed to P. C. Taylor a note for that amount, secured by a deed of trust on said lots, that said bank requested him to permit it to use said deed of trust and note purely as an accommodation to raise money to prevent the failure of said bank, and that both said note and deed of trust were, therefore, without consideration and void, and to the extent that said $4,440 represented any balance due it was without consideration. Montgomery also sought a recovery against the bank by reason of the conversion by it of a note for $900, executed by Shelton payable to Cox, who in turn had indorsed it to Montgomery and which note it is alleged Montgomery had deposited with the bank for safe-keeping.

In reply to this pleading, the defendant bank, by first supplemental answer, pleaded limitation to the charge that it had converted the Shelton note for $900, and further alleged that in the latter part of 1921, or early part of 1922, plaintiff had delivered to the First National Bank of Plainview a note

*Writ of error dismissed.

for $3,677, and, as collateral security, delivered the P. C. Taylor note for $5,000; that the note for $3,677 was renewed from time to time and had been carried by the First National Bank of Plainview part of the time and by the defendant part of the time; that said Taylor note was recognized by plaintiff and defendant as securing such renewals; that on September 20, 1923, there was a balance due of $3,500 on said $3,677 note, and that plaintiff, on that date, gave a new note for $3,500, due December 20, 1923, which note was renewed from time to time until June 25, 1925, when it was due, together with another note for $563, which two notes aggregated $4,440, and were consolidated into one renewal note for that amount, due January 1, 1926.

The case was submitted to the jury upon special issues, and resulted in a judgment perpetuating the injunction and denying the foreclosure of the deed of trust lien by the bank, but decreed that the bank recover the sum of $5,063.33, less $1,700 on account of the bank's conversion of the J. C. Cox note. The judgment was for this difference, with 10 per cent. attorney's fees, aggregating $3,699.

The case is before us upon one proposition, as follows:

"Plaintiff having sued in his original answer and cross-action on a $3,500 note, given in extension and renewal of the original P. C. Taylor $5,000 note, could not recover on proof of a $3,500 note being given in extension and renewal of a $3,677 note, same being an entirely different cause of action and one that must be pleaded originally and not in a supplemental answer or supplemental petition."

[1] Immediately following this in appellant's brief, we find another "first proposition," as follows:

"Recovery cannot be had on cause not alleged in pleading and the substantive grounds of such cause of action must be stated in the original petition or cross-action or in some amendment and cannot be set up by supplemental petition or cross-action."

This last proposition is simply the abstract statement of a proposition of law, and does not directly complain of anything done or omitted in the trial court, does not specify any error committed, nor present any specific error for review. Davis v. Morris (Tex. Civ. App.) 257 S. W. 328; H. & T. C. Ry. Co. v. Roberts (Tex. Civ. App.) 194 S. W. 218; San Antonio Brewing Ass'n v. Gerlach (Tex. Civ. App.) 185 S. W. 316.

[2] The only question raised by the first proposition quoted above is, Did the bank recover upon the same cause of action declared upon in the original cross-action? We think this question must be answered in the affirmative. A brief review of the pleadings shows that Montgomery filed the suit asking for an injunction restraining the sale of his business homestead. The bank was endeavoring to sell the property through a trustee named in a deed of trust, which contained a power of sale. The temporary injunction being granted, the bank then sought to recover its debt and foreclose its lien through the courts. The debt which it sought to recover upon was the note for $4,440. In its original cross-action, it attempted to set out the history of said note and to show its origin. By its first supplemental answer and cross-action in reply to Montgomery's first supplemental petition, it again endeavored to show the origin of the note, and there are some allegations with reference to a note for $3,677 not contained in the original cross-action, but it still sought to recover as in its original cross-action. No new ground of recovery was set up. No exceptions were urged to any of these pleadings by either party.

[3] Among other findings of the jury, it was found that the $3,500 note executed by Montgomery to the defendant bank was not an accommodation note executed for the purpose of enabling said bank to obtain credit; that the $3,677 note executed by Montgomery to the First National Bank of Plainview was not an accommodation note for the purpose of enabling the defendant bank to obtain credit. And the jury further found that the $5,000 P. C. Taylor note was not put up by Montgomery to either the defendant bank or the First National Bank of Plainview as accommodation paper for the purpose of enabling the defendant bank to get credit thereon, and that it was not without consideration moving to Montgomery. These findings are not challenged by the appellant, and we think support the judgment of the court.

So far as the record shows, the $5,000 note was at one time held by the First National Bank of Plainview, and it may be reasonably inferred in support of the judgment that it was reduced by Montgomery to $3,677, and the renewal note for that amount given to the bank at Plainview. The record is not clear as to how the note came into the hands of the defendant bank, unless it be that certain officers of the Plainview bank were also interested in the defendant bank, but there is no testimony which tends to show that the $4,440 note last executed was not a subsequent renewal of the original $5,000 note.

[4] There is much contention and argument in appellant's brief with reference to the recovery being based upon altogether a different debt than that set out in the original petition, but the record does not sustain the contention. The bank made no effort to recover a judgment upon the facts set out in its first supplemental answer and cross-action different from the cause of action stated in its original cross-action. If its last pleading contained allegations which were improper

and informal as against a special exception, these defects have been waived by a failure on the part of the appellant to urge the exceptions in the trial court.

[5] The bank's pleadings, as a whole, entitled it to recover upon the last note executed by Montgomery in the sum of $4,440, and no complaint is made because the court offset that amount with the sum claimed by Montgomery by reason of the conversion of the Cox note.

It is unnecessary to discuss the various contentions and arguments based upon the fundamental rules of pleading which we find in the briefs.

We think a proper judgment has been entered, and, because it is supported by the pleadings and the evidence, it is affirmed.